## 50578. FLOYD v. THE STATE.

EVANS, Judge.

Defendant was convicted on three counts for the sale of heroin. He was sentenced to serve ten years on each count with the sentences to run concurrently. Motion for

new trial was filed and denied, and defendant appeals.
*Held:*

1. There was direct testimony of purchase and sale of the heroin (three separate incidents), and this evidence was sufficient to authorize the verdicts of guilty on all counts. *Welch v. State,* 130 Ga. App. 18 (2) (202 SE2d 223); *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859); *Stewart v. State,* 128 Ga. App. 11, 12 (195 SE2d 251).

2. While the trial was in progress the court sustained objections to a line of questioning by defendant's counsel. The following took place: "State's counsel: . . . 'We object to him reading this document. Now, if he wants to cross-examine him about any item on there, he can cross-examine him. The way to prove anything on a document is to offer it in evidence.' The Court: 'You are eminently correct and I have so stated and, Mr. Windholz, you know that everything is being recorded and you have the right — *you have 30 days in fact to except to any ruling of this Court after the case is over.'* Mr. Windholz: 'I will object to that comment by the Court and may I approach the bench?' The Court: 'Yes.' (The following discussion took place at the bench sotto voce.) Mr. Windholz: 'Based on that comment, I'm going to move for a mistrial. I think the Court by this comment has shown that 30 days would naturally be only given if the man was convicted. It shows on the Court's part that it is going to be conviction and it can mean nothing else. There is a possibility this man get acquitted. What that possibility is, I can't say but I think the Court has shown it is inclined toward Conviction. I move for a mistrial at this time.' The Court: 'I will overrule your motion for a mistrial and instruct the jury just not to consider any reference that the Court has made to 30 days.' "

The Supreme Court has repeatedly held references should not be made to the reviewing courts by court or counsel except to cite their decisions. See in this connection, *Mitchell v. State,* 22 Ga. 211 (9), 233; *Bryant v. State,* 197 Ga. 641, 655 (30 SE2d 259); *Faust v. State,* 222 Ga. 27, 29 (148 SE2d 430).

The jurors — as are all jurors — were presumed to be intelligent men, and they could not escape the conclusion that the trial court was telling them that after the trial

had ended, *defendant and his counsel would be cast in the role of "excepting"* to what had taken place during the trial — in other words, that they would lose the case and defendant would be convicted. While counsel addressed the court in "sotto voce," it is obvious that the court's ruling — the only one in which it is shown he attempted any correction of the statement objected to — was made directly to the jury and so the jury could hear it, and instructed the jury "not to consider any reference the court has made to *thirty days.*" (Emphasis supplied.) But the *time element* was not the gist of defendant's objections. He was objecting because the court was suggesting to the jury *there would be a conviction;* he was not objecting to the number of days in which defendant had to except, but to the suggestion by the court that defendant would have to *except at all.* The court nowhere corrected that part of his statement. No doubt this was inadvert on the court's part, but it was harmful to the defendant nevertheless.

A very similar situation was dealt with by the Supreme Court in *Faust v. State,* 222 Ga. 27, 29, supra, wherein the trial court was reversed for suggesting the defendant might be the one who would be required to appeal, and the following language was error, to wit: "Also, to advise the jury as to the existence of entries and as to possible reversal by the appellate court for allowing them to see the entries could have conveyed the impression that the court itself believed the defendant would be found guilty, since only the defendant can appeal from a verdict in a criminal case. Furthermore, this court has warned against reference to the reviewing courts by court or counsel, except to cite their decisions. *Mitchell v. State,* 22 Ga. 211, 233; *Bryant v. State,* 197 Ga. 641, 655 (30 SE2d 259).

"We conclude that the language complained of was reversible error."

Therefore, we are compelled to hold that the trial court in the case sub judice committed reversible error in his statement that the defendant could except after the trial ended.

3. During argument to the jury, on the question of whether the defendant had been identified as the

perpetrator of the crime, state's counsel argued: "There has been no evidence at all to show that he is not the man." Defendant's counsel objected and moved for a mistrial because such argument implied the defendant had the burden of proving *he was not* the perpetrator of the crime, whereas he contends the state had the burden from the first to the last of the trial and defendant could rest his contention here on the basis state had not proven defendant *was the perpetrator*. This presents a nice distinction as to where the burden lies, during the progress of a case, and what argument is permissible in respect thereto.

Of course, the burden is on the state, but having introduced evidence sufficient to suggest defendant was the guilty party, the state's counsel had the right to suggest this proof had not been rebutted. See *Vaughn v. State,* 126 Ga. App. 252, 262, 263 (190 SE2d 609); *Moore v. State,* 129 Ga. App. 612 (2) (200 SE2d 320). Counsel may make reasonable deductions and inferences from the evidence in arguing the case to the jury. See *O'Bryant v. State,* 222 Ga. 326, 328 (7) (149 SE2d 654); *Brand v. Wofford,* 230 Ga. 750, 754 (9) (199 SE2d 231).

Of course, there are certain exceptions which must be observed, such as the state's not being allowed to comment on the defendant's failure to testify. See *Spann v. State,* 126 Ga. App. 370, 371 (2) (190 SE2d 924).

But to remove all doubt that any error was present here, the trial court, while overruling defendant's motion for mistrial, instructed the jury to "disregard the statement just made by the District Attorney" (Tr. p. 269) — and surely this was enough to cure error if error had been present.

4. But because of the error pointed out in Division 2 of this opinion, this case is reversed and a new trial is ordered.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

Submitted April 29, 1975 — Decided June 19, 1975.

*K. Reid Berglund,* for appellant.
*Lewis R. Slaton, District Attorney, Carter Goode,*

*Wayne E. Spiva, Carole E. Wall, Assistant District Attorneys,* for appellee.