## 50538. HIGHTOWER v. THE STATE.

PANNELL, Presiding Judge.

The appellant was indicted for murder, carrying a pistol without a license and carrying a concealed weapon. He was tried and convicted of voluntary manslaughter and carrying a pistol without a license, and was sentenced to 15 years on the charge of voluntary manslaughter, and 12 months concurrent on the misdemeanor pistol charge. He appeals the conviction.

On the afternoon of March 11, 1974, appellant and Robert Alexander were "goofing off," smoking marijuana and drinking liquor at the apartment of Hattie Mae Mitchell. That evening appellant and Robert Alexander began arguing over some missing marijuana. This argument took place upstairs in the apartment of Mrs. Mitchell. Appellant testified that Alexander threatened to kill him and that he was afraid of Alexander. This argument was broken up by a third party, after which appellant and Alexander went downstairs and proceeded to talk, drink liquor and smoke marijuana.

Appellant testified that while seated in a chair in the living room, Alexander said "I am going to kill you." Appellant further testified that Alexander had a knife in his hand and started to get up and come toward him. Appellant said he then grabbed a gun from an end table and "leveled" it three times at Alexander to scare him. On the third level, the gun went off, striking Alexander and wounding him fatally.

On cross examination the district attorney asked the defendant if he recalled testifying in a bond hearing on March 21, 1974, that he had gone upstairs and gotten the pistol (the murder weapon) and then walked back

downstairs with the pistol by his side. The defendant answered that he had not made such a statement. The district attorney then asked the defendant if he had testified at the bond hearing about the gun having had a hair trigger. The appellant responded that he did remember saying that. No transcript of the bond hearing was introduced.

In the closing argument the following statement was made by the district attorney: "Getting back to what he said, if you remember correctly, I examined him, although he claimed he did not remember, or if he did say that, I believe he said he didn't say it, about what he had said here in a bond hearing. He admitted that part of that he recalled saying about it had a hair trigger, but he didn't remember anything about having said that he got this pistol up there, and he walked back down with it, carrying it by his side." Defense counsel objected to this statement as an attempt to draw an inference as to what was actually said at the bond hearing, when no evidence had been introduced regarding what was said at that hearing. The judge overruled the objection, with the understanding that the district attorney had only said that the defendant had denied having made the statement before. *Held:*

1. Appellant urges in enumeration of error No. 1 that the court erred in allowing counsel for the state to argue in the negative facts not in evidence, over the objection of defense counsel, by failing to rebuke defense counsel for the state and by failing to deliver cautionary instructions to the jury. The law forbids the introduction into a case, by way of argument, facts not in the record and calculated to prejudice the accused. *Patterson v. State,* 124 Ga. 408 (52 SE 534). Appellant contends that the statement by the district attorney left the inference that the statements denied by appellant had in fact been made in the bond hearing. This he contends to be the introduction of negative facts not in evidence calculated to prejudice the jury. We do not agree.

The cross examination of appellant was consistent with the district attorney's argument to the jury. Counsel's argument was a reiteration of the examination of appellant and did not introduce facts not in evidence. "Counsel are allowed the largest liberties in argument of

cases before juries; and whether the argument be logical or illogical, or whether the inferences and deductions drawn by them from the facts in evidence ... are correct, or not, this court will have no power to intervene. *Inman v. State,* 72 Ga. 269, 278; *Taylor v. State,* 83 Ga. 647, 659 (10 SE 442)." *Brooks v. State,* 55 Ga. App. 227, 231 (189 SE 852). "What the law forbids is the introduction into a case, by way of argument, of facts not in the record and calculated to prejudice the accused." *Taylor v. State,* 121 Ga. 348, 354 (49 SE 303). The statement objected to by defense counsel did not introduce facts not in the record, and therefore, the court did not abuse its discretion in overruling defense counsel's objection.

2. In enumeration of error No. 2, appellant urges error in the trial court's charge to the jury in reference to the bifurcated trial procedure authorized by Code Ann. § 27-2534 (Ga. L. 1970, pp. 949, 950; 1971, p. 902; 1973, pp. 159, 161). Appellant contends that this charge focuses excessive attention on the punishment phase of the trial in the minds of the jurors and is prejudicial to the defendant in a criminal trial. The trial court's charge was not prejudicial to the defendant, and it was not error to fully explain the bifurcated trial proceedings to the jury. See *McRoy v. State,* 131 Ga. App. 307 (8) (205 SE2d 445).

The appellant further points to the following portion of the charge as being prejudicial to the appellant: "... the jury shall hear additional evidence in extenuation, mitigation or aggravation of punishment, including the record of any prior criminal conviction, if any, and pleas of guilty or pleas of nolo contendere of the defendant..." This sentence is concluded "or the absence of such prior criminal convictions and pleas." The charge to the jury must be taken as a whole and each part thereof considered in connection with every other part of the charge. *Marchman v. State,* 129 Ga. App. 22 (3) (198 SE2d 425). The explanation of the bifurcated trial procedure did not infer that appellant was guilty and did not prejudice the jurors.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED MAY 7, 1975 — DECIDED JULY 1, 1975.

K. *Reid Berglund,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Carole E. Wall, Assistant District Attorneys,* for appellee.