## 51959. DELVERS v. THE STATE.

PANNELL, Presiding Judge.

The defendant was convicted of burglary and possession of tools for the commission of crime. He was sentenced to twelve years on each count, to run concurrently. He appeals the judgment of conviction and sentence.

The evidence shows that Faile's Pharmacy in Macon was burglarized on the evening of June 24, 1975. Someone broke into the building by cutting a hole in the roof. A silent burglar alarm was triggered by the breaking at approximately 1:30 a.m. Officers Sanders and Folds responded to the alarm.

Officer Sanders saw a man come to the edge of the building on the roof; he ordered the man to freeze, but the subject backed out of sight and got away. In the meantime, Officer Folds apprehended another suspect and took him into custody.

Officer Sanders described the man he had seen on the roof to the other officers who arrived on the scene. Although Sanders had been unable to see the suspect's face, he was able to describe him as being five feet eight inches tall, having medium brown hair, and wearing denim pants and a reddish-brown shirt with the shirttail hanging out. A stakeout was then established for the missing suspect. Mr. Faile, the pharmacy owner, assisted the officers in the stakeout. As part of the stakeout procedure, Mr. Faile pretended to lock up and drive away, but in fact he drove up the street and parked a block or two away. Fifteen or twenty minutes later, an individual identified as appellant came out of the bushes near a house and started walking up Pio Nono Avenue towards the pharmacy. The appellant tried to hitch a ride with some passing vehicles, but he was unsuccessful. Faile followed him in his car back toward the pharmacy; appellant was arrested when he reached a point across the street from the pharmacy.

The arresting officer testified that appellant's description matched that given to him by Officer Sanders. When arrested, appellant had a black grease-like substance on his pants, and dirt on his hands. Officer

Sanders made a positive identification of appellant's appearance, but he was unable to identify his face since the face of the man on the roof had been obscured. Sanders also noticed that appellant had the same sort of dirt on his hands as Sanders had gotten on his hands when he climbed up the drain pipe which runs up the side of Faile's Pharmacy.

Appellant had stated to the arresting officer that he had been let out of an automobile a few blocks from the pharmacy; however, Mr. Faile testified that he saw appellant suddenly appear from some bushes at the side of the road and that appellant did not get out of an automobile. *Held:*

1. Officer Sanders testified that he had seen a girl in the company of the co-defendant at the committal hearing in the Macon Superior Court. The prosecutor asked Sanders when he next saw this female. The officer said that he had seen her the following day at Villa West Apartments with the defendant. The defendant objected to this testimony as irrelevant. He moved to strike the testimony and moved for a mistrial on the ground that it brought into issue the character of the accused. The judge denied the motions and overruled the objection. Appellant urges error in the trial court's denial of his motion for mistrial and motion to strike on the ground that the state put the defendant's character in issue as a part of its case in chief. See *Hooks v. State,* 101 Ga. App. 351 (114 SE2d 48).

We cannot agree that the above testimony placed the character of the defendant in issue and was thus subject to the objection urged by the defendant. Appellant has cited no cases which would support a finding that evidence of the defendant's association with a person who also associated with the co-defendant has the effect of placing the defendant's character in issue. Further, we have been unable to find any case law which would support such a finding. The trial judge did not err in overruling the defendant's motion to strike and motion for mistrial on the grounds that the above testimony placed the defendant's character in issue.

2. During closing argument, the district attorney made the following statement: "Oscar Wesley Williams

was here in court yesterday. Who else? What else? Officer Sanders said 'well, I was going to see my sister the next day and who was Billy Delvers with. He was with the same girl that was in court with Oscar Wesley Williams when he was bound over.' What does that mean?" Appellant objected to this argument and made a motion for mistrial on the ground that the prosecutor was putting into issue the defendant's character. As discussed in Division 1, evidence showing that the defendant was seen with a person who in turn was seen with the co-defendant was properly admitted into evidence over defense counsel's objection. Thus, the facts upon which the prosecutor commented were in evidence; and there was no error in allowing the prosecution to comment thereon. Counsel may comment upon facts in evidence and draw deductions therefrom in such a manner as to present the case in the light most favorable to his case. This right should not be unduly infringed as long as counsel does not attempt to introduce into his argument facts not supported by the evidence. *Bell v. State,* 85 Ga. App. 242 (1) (68 SE2d 925).

3. The defense offered no evidence during the trial of the case, and the defendant elected not to testify before the jury. During final argument, the prosecutor made the following statement: "But where are those witnesses. Think about it. That's a factor. That's a factor in this case. I submit to you that if a person was charged with this offense and he was not guilty he would do everything he could to have somebody to account for where he was, but as of this moment we haven't heard one word. . ." Defense counsel objected to this statement as a comment on the failure of the defendant to testify and moved for a mistrial. The court overruled the motion. Appellant urges error in the court's failure to grant a mistrial.

"In the trial of a criminal case in which the accused fails to give sworn testimony or to make an unsworn statement, it is improper for State's counsel to argue that fact to the jury." *Mitchell v. State,* 226 Ga. 450, 455 (175 SE2d 545). However, in this case, the prosecutor's comments were directed at the failure of the defense to present any evidence to rebut that proof presented by the state. Having introduced evidence sufficient to suggest

defendant was the guilty party, the state's counsel has the right to suggest this proof has not been rebutted. *Floyd v. State,* 135 Ga. App. 217, 220 (217 SE2d 452). Since the district attorney's comments made no direct reference to the failure of the defendant to testify, he was not prohibited from making these comments concerning the evidence in the case, and the trial judge properly denied the motion for mistrial. See *Mitchell v. State,* 226 Ga. 450 (4), supra.

4. Officer Sanders testified on direct and cross examination regarding the burglary investigation and the arrests made pursuant thereto. Upon redirect examination, the prosecution asked Sanders: "Did Oscar Wesley Williams, the person that you had in custody, was that him out in the hallway yesterday?" Officer Sanders answered that it was. Defense counsel moved to strike this testimony because it was irrelevant and on the grounds that the state was trying to "find guilt by association, or something another." The court overruled the objection. The defendant urges error in the judge's failure to strike the above testimony.

We find no merit in the defendant's objection regarding the state's trying to "find guilt by association, or something another." However, we agree with the defendant that the above testimony was irrelevant. The trial judge should have struck the testimony pursuant to defense counsel's motion; however, we cannot determine that the court's failure to strike the above testimony was harmful to the defendant's case. We find no *reversible* error in the trial court's failure to strike the testimony of which appellant complains.

5. Appellant urges error in the court's admitting into evidence the state's exhibits 4 through 10. These exhibits were tools commonly used in the commission of a burglary, such as a sledgehammer and an axe. The tools were recovered from the roof of Faile's pharmacy on the night of the burglary. Defense counsel objected to the introduction of these tools on the ground that there had been no evidence connecting appellant with possession of the tools.

We find that there was evidence which connected the defendant with the burglary tools which were admitted

into evidence. There was circumstantial evidence of the defendant's participation in a "conspiracy" to possess the burglar tools. See *Butler v. State,* 130 Ga. App. 469, 476 (203 SE2d 558). The evidence was ample to connect the defendant with the tools which were admitted into evidence. The trial court properly overruled the defendant's objections to the above evidence.

6. Appellant urges error in the trial court's admitting into evidence the state's exhibits 11, 12 and 13. These exhibits were photographs of the pharmacy's interior, showing the disarray left by the intruders and the hole gouged in the roof. The defendant objected to the admission of these pictures on the ground that they were cumulative. Cumulative evidence is that which is additional to other already obtained. See Code § 38-102. Two photographs had been previously introduced by the state: one showed the front of the pharmacy and the other showed the hole in the roof photographed from outside of the building.

Even if we assume that exhibits 11, 12 and 13 were cumulative evidence, we find no reversible error in the trial court's admitting these exhibits into evidence.

7. Mr. Faile, the owner of the burglarized pharmacy testified regarding his participation in the burglary investigation. The prosecutor asked him, "Now, based on that conversation, did you do anything after you checked your loss, etc.?" Mr. Faile answered, "Well, I came down — you mean after the morning was over — I spent the rest of the night there. We left the store about 2:30, approximately 2:30. The officers had told me that they were sure there was someone else involved." Defense counsel objected to what the officers said as being hearsay. The trial judge overruled the objection.

"When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." Code § 38-302. Mr. Faile's testimony regarding what the officers told him was introduced to explain his conduct in assisting with the burglary investigation. Accordingly, it was properly admitted as original evidence by the trial court.

8. The evidence supported the guilty verdicts returned on both counts of the indictment. The trial judge committed no error in overruling the defendant's motion for directed verdict.

9. After the return of the guilty verdict, the trial judge orally sentenced the defendant to twelve years on each count, to run concurrently. Appellant urges that the court erred in sentencing him to twelve years on the count of possession. See Code § 26-1602. However, an examination of the record reflects a *written* sentence of five years on the count of possession, which was filed with the clerk of the superior court one week after the trial of the case. This sentence is a proper one for the crime of possessing tools for the commission of a crime. Accordingly, this enumeration is without merit.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

SUBMITTED APRIL 7, 1976 — DECIDED MAY 24, 1976 —
REHEARING DENIED JUNE 22, 1976.

*Claude W. Hicks, Jr.,* for appellant.

*Fred M. Hasty, District Attorney, Thomas H. Hinson, Walker P. Johnson, Jr., Assistant District Attorneys,* for appellee.