## 52410. FINLEY v. THE STATE.

DEEN, Presiding Judge.

1. The defendant was indicted for "Violating Code § 26-1803 — Attempted Theft by Deception" in that he attempted by deceitful means and artful practices to obtain $160 from the owner thereof, the Savannah Bank & Trust Company of Savannah, "with the intention of depriving said owner. . . for that the said defendant represented himself to be David B. Ritter, another person, and that he was the owner of 8 First National City travelers checks in the amount of $20 each, and that said checks had been lost and that he, posing as David B. Ritter, was entitled to be reimbursed by the said. . .Bank." A motion to quash was urged on the ground that the indictment charges theft by deception, whereas the crime was not completed, and that it "does not describe the alleged crime committed by the defendant." Code § 26-1803 defines the offense of theft by deception. The indictment involves an attempt rather than a completed crime, but this is of no consequence since in any event, under Code § 26-1005 one may be charged with a crime and convicted, if the evidence warrants, of an attempt only. The defendant's acts properly come under Code § 26-1803, a felony, rather than Code Ann. § 26-1709, a misdemeanor charge for a fraudulent attempt to obtain a refund on a "ticket or other document which is evidence of a service purchased from a business establishment, which service is yet to be performed." The motion to quash of course goes to the allegations of the indictment unaided by the evidence. The indictment was legally sufficient.

2. The evidence was also sufficient to support the

conviction. The state offered uncontradicted evidence that the scheme employed was as follows: The defendant, who had recently come to Georgia from Philadelphia, Pa., had obtained possession of a driver's license owned by one David B. Ritter of Philadelphia. With this license as identification eight twenty dollar traveler's checks issued by a New York bank were purchased and paid for in the name of Ritter. Ritter never in fact purchased any traveler's checks. Thereafter the certificate issued by the bank at the time of issue was presented to four banks with a claim that the original traveler's checks had been lost. The ruse worked on three occasions and reimbursements in substituted traveler's checks were made. On the fourth, the defendant was apprehended. His only defense was that he was not the person who attempted to cash the checks. He was identified by three eyewitnesses, two from the Savannah Bank who had been present at his unsuccessful attempt three days before the arrest, and a third from another bank who had erroneously made the check substitution four months earlier. Whether or not it is still true that "though Ananias and Sapphira spoke again, the law would not strike them dead, but would leave their testimony to be weighed" by the jury (*Land v. State,* 51 Ga. App. 438 (1) (180 SE 649)), there are three eyewitness identifications here with no impeaching evidence whatever.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

SUBMITTED JULY 14, 1976 — DECIDED SEPTEMBER 8, 1976.

*John W. Andre, Jr.,* for appellant.
*Andrew J. Ryan, Jr., District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.