## 31457. LEE v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant was convicted of murder and aggravated assault. He was sentenced to life imprisonment and ten years to run concurrently. He appeals. We affirm.

1. Appellant states the primary question raised by this appeal is whether or not the state met the burden of proving the charge of murder beyond a reasonable doubt. The first three enumerations of error cite the general grounds and the fourth states appellant's constitutional

right against self-incrimination under the Fifth Amendment was violated.

He argues the state produced no witnesses who actually *saw* appellant shoot the victim, Hudson. The state, he reasons, relied upon appellant's testimony to make out its case. Therefore, when the trial court refused to direct a verdict of acquittal on the murder ground, the appellant was "for all practical purposes" forced to testify. There is no merit to these contentions. There was considerable evidence presented by the state to show the appellant became embroiled in an argument over $2 at the 2160 Club in Richmond County, Georgia; was pushed around and left with his cousin to go to his aunt's house and obtain a .38 caliber pistol. He returned to "straighten things out. . ." He renewed his argument with Brown and when Hudson pushed appellant toward the door in an effort to break things up, the appellant seized the pistol from his cousin and shot Hudson. Appellant followed Hudson as he crawled toward a nearby rest room and there shot Laverne Thomas, emerging from the rest room, in the shoulder. Appellant fled. No state witness testified to actually seeing the shooting. The state rested and appellant moved for directed verdict of acquittal. Following the overruling of this motion, appellant took the stand and testified. In narrating what happened, he said, ". . . That's when I turned around, you know, and saw Elbert coming after me. So, I snatched the gun from Hunt and turned around and shot him. . ." Appellant pleaded self-defense and urged that Hudson came at him with a bottle; however, no evidence was presented by any witness of the presence of a bottle nor was there any physical evidence presented to substantiate this testimony. ". . . [O]n appeal of the overruling of a motion for directed verdict of acquittal made at the close of the State's case in chief, the reviewing court can consider all the evidence in the case in determining whether the trial court erred in overruling the motion. . ." and the standard to be applied is the any evidence rule. See *Bethay v. State,* 235 Ga. 371, 376 (1) (219 SE2d 743) (1975); *Cunningham v. State,* 235 Ga. 126 (218 SE2d 854) (1975). We find no error.

2. Appellant urges also that his right to a fair trial

was prejudiced by the district attorney's repeated reference to a prior written statement given to him by a witness for the state. There was no error. The court admonished the district attorney concerning frequent references to the statement held in his hand; told him it was not admissible as evidence and instructed the jury to disregard the references made. No indication as to the content of the statement was made, whether in support of or prejudicial to the appellant. Following the admonition, the district attorney proceeded to question the witness and produced the essential testimony he sought.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 20, 1976 — DECIDED SEPTEMBER 28, 1976.

*Hinton R. Pierce, Stanley C. House,* for appellant.

*Richard E. Allen, District Attorney, Evita A. Paschall, Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson,* for appellee.