54762. ALLANSON v. THE STATE.

BIRDSONG, Judge.

Appellant Allanson brings this appeal from her conviction of two counts of attempted murder and sentence to ten years on each count, to be served consecutively. She enumerates 12 alleged errors. *Held:*

1. As relevant to the disposition of the enumerations of error, the facts, though disputed, authorize the jury to find that appellant's husband was tried and convicted of the murder of his parents in 1974. See *Allanson v. State,* 235 Ga. 584 (221 SE2d 3). He was sentenced to two

concurrent life sentences. The attempted murders, sub judice, involved the grandparents of appellant's husband, the murdered father's parents. These grandparents were both aged and the grandmother was very infirm as the result of several successive strokes. Prior to the murder trial of the appellant's husband, his sister, a Mrs. Boggs, and the daughter of the appellant's grandparents-in-law, had cared for her parents to the extent necessary. There was evidence that after the murder trial, the relationship between Mrs. Boggs and her parents became very strained. As a result, appellant assumed a greater responsibility in caring for her grandparents-in-law. Early in 1976, the grandfather, Mr. Allanson, had an apparent heart attack and was unable to care for his infirm wife to the same extent he had prior to the heart attack. Appellant assumed even a greater responsibility in caring for the two elderly persons. There was evidence that after assuming this closer relationship, appellant prevailed upon the two elderly Allansons to give her a general power of attorney. She then helped them in preparing codicils to their wills, each successive codicil strengthening her husband's and her own financial position until ultimately she and her husband were to receive half or a greater portion of the estates of the grandparents. These estates were estimated at from more than $120,000 to more than $200,000.

There was evidence that under the subterfuge of executing legal documents apparently pertaining to property, appellant carried the elder Mr. Allanson to a notary public and had him execute several documents. The state offered evidence tending to show that one of these documents was blank and that appellant thereafter prepared a full confession over Mr. Allanson's notarized signature to the effect that he had killed his son and daughter-in-law and that his grandson, appellant's husband, was not guilty of the crime.

Thereafter, the evidence shows that Mr. Allanson was found in a comatose condition in his home. Appellant asserted that he was drinking and had taken an overdose of drugs. Though Mr. Allanson was initially treated for an overdose, due to the strong suspicion of his daughter, Mrs. Boggs, he was examined for possible poisoning. The tests

showed a near lethal level of arsenic. These tests showed the probability that this was a chronic case of poisoning, with more than one dose being involved. Fear being expressed for Mrs. Allanson, the elderly Mrs. Allanson was also admitted to the hospital, although over the objection and obstructive tactics of the appellant. Tests upon Mrs. Allanson showed dangerously high levels of arsenic in the body of Mrs. Allanson. Appellant furnished to a physician, who admitted Mr. Allanson to the hospital for the asserted overdose of drugs, an empty whiskey bottle with the label removed, from which appellant stated Mr. Allanson had consumed whiskey. This bottle was tested and found to contain the residue of a high concentration of arsenic. No other arsenic or trace thereof was found in the home. There was evidence that the bottle contained no whiskey. There was other evidence that Mr. Allanson did not drink whiskey and very reluctantly took medicine contrary to appellant's claim that she had seen Mr. Allanson consume a handful of drugs just prior to his admission for an alleged overdose of drugs. Appellant was convicted of the attempted murders of the elder Allansons.

2. In enumerations of error no. 1, 3, and 4, appellant complains of the admission of certain evidence as being immaterial, irrelevant and highly prejudicial. Prior to the trial, appellant moved in limine to suppress any and all evidence of the murder of her husband's parents (Enumeration 1); she also objected (Enumeration 3) to the admission of the power of attorney, wills and codicils of the elderly Allansons; and (Enumeration 4) to the admission of the grandfather's confession. The state offered the above evidence in order to prove its theory that appellant arranged to have her husband's grandparents will most of their estate to her husband and herself and to forge a fictitious confession which, if accepted, would free her husband, and when she believed that the grandfather was dying, delivering the confession to the grandfather's attorneys in an envelope to be opened only after his death. The trial court admitted the evidence for that limited purpose. Though the state's case was entirely circumstantial, the state attempted to prove access to the grandparents, ability to poison them, and motive for

doing so.

The object of all legal investigations is the discovery of truth. The rules of evidence are framed with a view to this prominent end, seeking always for pure sources and the highest sources. Code Ann. § 38-101. Questions of relevancy of evidence are for the court and no precise and universal test of admissibility has been established. *Hotchkiss v. Newton,* 10 Ga. 560; *Johnson v. Jackson,* 140 Ga. App. 252, 255 (230 SE2d 756). However, when the relevance of evidence is in doubt, the Georgia rule favors its admission and submission to the jury with any needed instructions. *Patton v. Smith,* 119 Ga. App. 664 (1, 2) (168 SE2d 627). When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issues, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them. *Walker v. Roberts,* 20 Ga. 15 (1); *Brown v. Wilson,* 55 Ga. App. 262 (1) (189 SE 860). That the testimony objected to falls short of proving the fact sought to be established, is not in itself sufficient reason for excluding it, provided that it, alone or in connection with other pertinent testimony, tends to prove the matter in issue. *Livingston v. Barnett,* 193 Ga. 640 (3a) (19 SE2d 385). Any evidence is relevant which logically tends to prove or disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate a material issue or issues is relevant. *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643). See *Harris v. State,* 142 Ga. App. 37, 41 (7) (234 SE2d 798); *Garner v. State,* 83 Ga. App. 178, 184 (63 SE2d 225). The trial court did not err in allowing the questioned evidence to be presented to the jury as evidence of possible motive. These enumerations are without merit.

3. In Enumerations 5 and 6, appellant asserts that the trial court unduly curtailed her right to cross examine upon the issue of hostility in the Allanson family (Enumeration 5), and that this curtailment was aggravated by the court allowing evidence of her husband's earlier killing of his parents (Enumeration 6). Apparently, appellant wanted to show that Mrs. Boggs had motive and opportunity to kill her parents, thereby

excluding appellant as the culprit. Contrary to appellant's assertion, the trial court allowed extensive examination into the family relationship between all the Allansons. What the court curtailed was evidence as to a comparison of the esteem in which the elderly Allansons held their grandson some two years earlier with similar esteem toward their daughter during that same time frame. The trial court concluded that such evidence had no relevance to attempted murders that occurred two years later. Other than vague objections that a thorough and sifting cross examination was desired, appellant did not show in what particulars the excluded evidence was relevant.

The scope of cross examination lies largely within the discretion of the trial court. It will not be disturbed by this court unless it is shown that there has been an abuse of that discretion. *Davis v. State,* 230 Ga. 902, 904 (3) (199 SE2d 779); *Kessel v. State,* 236 Ga. 373, 375 (223 SE2d 811). The right to a thorough and sifting cross examination is not abridged by the action of the judge in confining it to matters that are in some manner relevant to the issues of the case on trial. *Sheffield v. State,* 124 Ga. App. 295, 296 (183 SE2d 525). See *Mitchell v. State,* 236 Ga. 251 (223 SE2d 650); *Eades v. State,* 232 Ga. 735, 737 (2) (208 SE2d 791); *Bailey v. State,* 138 Ga. App. 807, 808 (227 SE2d 516); *Allen v. State,* 137 Ga. App. 302, 303 (223 SE2d 495). We agree with the trial court in questioning the relevancy of the particular evidence excluded and find no error in the absence of a clear showing that the exclusion resulted in prejudice to the appellant. *Dill v. State,* 222 Ga. 793 (152 SE2d 741). There is no merit to the assertion that the admission of the evidence of the earlier homicide of appellant's parents-in-law, which we have held to be proper, aggravated the exclusion of the questioned evidence, which we have held properly excluded.

4. In his closing argument, the prosecutor asked a rhetorical question concerning the failure of the defense to call the appellant's husband to establish that the grandfather was guilty of the murders of his son and daughter-in-law rather than the appellant's husband. Appellant objected to the argument and moved for a

mistrial on the grounds that it constituted a comment on the burden of the defendant in establishing his innocence. This argument is without merit. It is not error, nor is it improper for the prosecutor to reflect upon the failure of the defense to present any evidence to rebut the proof adduced by the state. *Floyd v. State,* 135 Ga. App. 217, 220 (217 SE2d 452); *Delvers v. State,* 139 Ga. App. 119, 121 (3) (227 SE2d 844).

5. In Enumerations 10 and 11, appellant complains that the charge of the court failed to require the state to prove beyond a reasonable doubt the non-existence of reasonable hypotheses other than that of guilt and in telling the court in its charge upon the form of the verdicts that it was their function to decide if they believed that appellant did commit the offenses of attempted murder. We note, however, that upon the completion of the charge of the court, appellant indicated no dissatisfaction with that charge. Furthermore, the charge given was in appropriate language and contained no error of law. Failure to charge in the exact language requested, where the charge given substantially covers the same principles is not error. *Leutner v. State,* 235 Ga. 77, 81 (218 SE2d 820); *Crawford v. State,* 236 Ga. 491, 493 (224 SE2d 365). Furthermore, a party may not complain of the giving of an instruction to the jury unless he objects thereto before the jury returns the verdict so that the court will have an opportunity to correct an error in the charge without the necessity of an appeal. *Stewart v. State,* 239 Ga. 588, 590 (6) (238 SE2d 540). There was no error in the charge of the court.

6. In the second enumeration of error, appellant complains that the trial court erred in failing to compel the state to produce copies of police reports. The trial court in this case was exceptionally receptive to requests by appellant to produce evidence. The court exacted all statements, documents and other physical evidence from the files of the prosecutor. The court then examined the complete file of the prosecutor in camera and underlined all matters relevant and exculpatory to the case, making this information available to the defense. The reports sought by the defense were available to it through the police equally as to the prosecutor, though the defense

indicated that it had not availed itself of that opportunity. Under these facts, every effort had been made by the prosecutor and the trial court to make available to the defense all evidence material to the case. The burden then shifted to the appellant to show that there had been evidence withheld which was materially favorable to his case. *Street v. State,* 237 Ga. 307 (9) (227 SE2d 750). Where appellant has failed to show that evidence allegedly withheld was so important that its absence prevented him from receiving his constitutionally guaranteed fair trial, the failure to produce does not warrant a new trial. *Shaw v. State,* 239 Ga. 690, 693 (238 SE2d 434); *Carter v. State,* 237 Ga. 617 (229 SE2d 411). This enumeration is likewise without merit.

7. In enumerations of error 7 and 12, appellant complains that the evidence adduced by the state was insufficient to withstand a motion for a directed verdict of acquittal at the close of the prosecution's case, at the close of the evidence, and finally, that the evidence is insufficient to support the verdict and judgment.

Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law, is it error for the trial court to refuse to direct a verdict of acquittal. *Merino v. State,* 230 Ga. 604 (198 SE2d 311); *Allen v. State,* supra. In reviewing the overruling of a motion for a directed verdict as well as in considering the sufficiency of evidence to sustain a conviction, the proper standard to be utilized by the appellate court is the "any evidence" test. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743); *Lee v. State,* 237 Ga. 626, 627 (229 SE2d 404); *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131); *Blackwell v. State,* 139 Ga. App. 477, 478 (228 SE2d 612). The evidence in this case meets that test. These enumerations are without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 2, 1977 — DECIDED JANUARY 4, 1978.

*McAllister & Roberts, J. Dunham McAllister,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, R. A. Weathers, Assistant District Attorneys,* for appellee.