## 55684. BRYANT v. THE STATE.

McMurray, Judge.

Defendant was indicted in four counts for the offense of rape (two counts) and child molestation (two counts) involving two females allegedly under the age of 14 years. Defendant was convicted of criminal attempt to commit rape only as to each female. He was sentenced to serve 10 years as to each count to run concurrently. A motion for new trial as later amended was filed and denied, and defendant appeals. *Held:*

1. During the trial the defendant did not testify in his behalf, and the only testimony offered by the defense was that of the medical doctor who testified that from his physical examination of one of the females he did not find any evidence of sexual intercourse. Thereafter, after the closing argument of the assistant district attorney the defendant moved for a mistrial because of improper comments made as to the failure of the defendant to testify. This motion was denied. The exact language of

this argument after discussing the testimony of other witnesses was that, "[n]o other witness appeared here and told you that it didn't happen — no witness — no evidence." The defendant argues that under Code Ann. § 38-415 (Ga. L. 1962, pp. 133, 134; 1973, pp. 292, 294) this argument was tantamount to a violation of this statute which clearly states that no presumption shall be created against him by his failure to testify and "no comment shall be made because of such failure." Of course, direct reference to a defendant's failure to testify is prohibited. *Mitchell v. State,* 226 Ga. 450 (4), 455 (175 SE2d 545); *Ingram v. State,* 134 Ga. App. 935, 941 (9) (216 SE2d 608); *Delvers v. State,* 139 Ga. App. 119, 122 (3) (227 SE2d 844). But state's counsel still has the right to argue that evidence showing guilt has not been rebutted or contradicted. *Mahar v. State,* 137 Ga. App. 116, 117 (1) (223 SE2d 204); *Wood v. State,* 234 Ga. 758, 760 (2) (218 SE2d 47); *Floyd v. State,* 135 Ga. App. 217, 220 (3) (217 SE2d 452). The argument as made was not prejudicial per se. See *Delvers v. State,* 139 Ga. App. 119, 121-122, supra; *Mahar v. State,* 137 Ga. App. 116, 117 (1), supra. The enumeration of error complaining of refusal to grant the motion for mistrial is not meritorious for the additional reason that the motion was not timely made. See *Barreto v. State,* 123 Ga. App. 117, 118 (179 SE2d 650); *Allanson v. State,* 235 Ga. 584, 587-588 (221 SE2d 3).

2. Defendant's next contention is that the assistant district attorney in his argument improperly commented on the fact that there were no blacks on the jury and that "certainly the prosecution would like to have had [on the jury] a few people who lived in the neighborhood, a few people who may have associated before, who operate under some of these handicaps" of the two victims, being two young black girls. But a prosecutor is entitled to argue to the jury his version of what took place at the trial. See *Holley v. State,* 225 Ga. 768, 770 (171 SE2d 528). Compare *Lucear v. State,* 221 Ga. 572 (2) (146 SE2d 316). However, as stated above in Division 1 defendant did not seek reprimanding and curative instructions and waived his right to object by waiting until another time to pursue same. *Allanson v. State,* 235 Ga. 584, 587-588, supra. Compare *Lingerfelt v. State,* 238 Ga. 355, 360-361 (233

SE2d 356); *Howard v. State,* 229 Ga. 839 (1), 840 (195 SE2d 14). There is no merit in this enumeration of error.

3. The complaint that the assistant district attorney had made a "highly personalized" argument and thereby denied defendant his right to a fair trial is not meritorious. Considerable latitude is allowed in the argument of a case to a jury. *Hightower v. State,* 135 Ga. App. 275 (1), 276-277 (217 SE2d 636); *Chambers v. State,* 134 Ga. App. 53, 54-55 (4) (213 SE2d 158). Further, the objection was not timely as has been covered above.

4. Defendant's next complaint is that the trial court erred in overruling the defendant's motion for mistrial because the prosecution had elicited from a state witness that the defendant had been bound over by a committing court thereby denying defendant a fair trial. Objection was made that this testimony as to the defendant being "bound over" was irrelevant, and it was sustained by the court; but no request was made for curative instructions when this testimony was offered in answer to a question. Thereafter, a motion for mistrial was made as to this statement. Compare *Bailey v. State,* 238 Ga. 195, 196 (232 SE2d 68). The trial court did not err in denying the motion for mistrial.

5. The trial court in its discretion may allow counsel to put leading questions to a witness of tender years. See *Johnson v. State,* 140 Ga. App. 246, 247 (3) (230 SE2d 499). No abuse of the court's discretion has been shown here, and the court in fact instructed counsel, "try not to lead the witness if you can."

6. There is no merit in the contention that the trial court erred in limiting defense counsel's right to a thorough and sifting cross examination of the alleged victims wherein one of the witnesses had been asked if she knew what a certain term meant, or ever used the term; to which she replied in the negative that no one had ever used it to her. Therefore, the question as to what it means was irrelevant. The discretion of the trial court in such matters will not be disturbed absent a showing of abuse. *Hodge v. State,* 239 Ga. 612, 614 (3) (238 SE2d 404). The defendant having been charged with the offense of rape of a female under the age of 14 years and the evidence having shown the age of the females as 11, the trial court did not

err in charging the jury that it would be immaterial whether the defendant did or did not use force and likewise immaterial whether it was against the will of the females and with or without their consent since the indictment charged statutory rape. *Drake v. State,* 239 Ga. 232, 233 (236 SE2d 748).

7. This court does not pass on the weight of the evidence but only upon its sufficiency, and if there is any evidence to support the verdict it will be upheld. *Proctor v. State,* 235 Ga. 720, 721 (221 SE2d 556); *Knight v. State,* 239 Ga. 594 (1) (238 SE2d 390); *Lowe v. State,* 143 Ga. App. 415 (238 SE2d 716). The evidence here was more than sufficient to support the verdict of the offenses found, that is, the lesser offense of criminal attempt to commit rape which is a legal conviction and sentence upon an indictment for rape. "[U]nder Code [Ann.] § 26-1005 one may be charged with a crime and convicted, if the evidence warrants, of an attempt only." *Finley v. State,* 139 Ga. App. 495 (1) (229 SE2d 6). See also *Jones v. Smith,* 228 Ga. 648 (1) (187 SE2d 298); *Reaves v. State,* 139 Ga. App. 361 (1) (228 SE2d 383).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

Argued April 6, 1978 — Decided April 28, 1978 — Rehearing denied May 17, 1978 —

*Kenneth T. Humphries, Gerald L. Talansky,* for appellant.

*Lewis R. Slaton, District Attorney, Thomas W. Thrash, Joseph J. Drolet, Isaac Jenrette, Assistant District Attorneys,* for appellee.