## 55797. HAAS v. THE STATE.

BIRDSONG, Judge.

Appellant Haas was convicted of making terroristic threats and criminal possession of explosives. He was sentenced to three years and one year, respectively, to be served consecutively. Haas enumerates eight errors. *Held:*

1. In his first enumeration of error, Haas complains that the trial court erroneously denied a motion for directed verdict at the end of the evidence. The evidence showed that some years earlier Haas had invited a Ms. Doss to a hotel room for the purpose of a sexual encounter. It was alleged that Haas proposed an act of oral sex which Ms. Doss declined. Later Haas was alleged to have become friendly toward a lady friend of Ms. Doss. During a conversation between Ms. Doss and the lady friend, Ms. Doss advised the friend that Haas had perverted sexual standards. There was evidence that Haas then sought to "do something" to Ms. Doss because of this accusation of perversion. There was evidence that Haas in the presence of a third person solicited one Luttrell, who was knowledgeable in the fabrication and use of explosive devices, to prepare a bomb and place it in a restaurant owned by Ms. Doss. Luttrell constructed such a device and pursuant to instructions allegedly given by Haas, placed the device in the restaurant. The "bomb" would not explode for absence of a blasting cap, but this omission was deliberate because its purpose was only to "scare" Ms. Doss. Luttrell notified authorities of the presence of the "bomb" and it was located and removed after the restaurant and surrounding area had been evacuated. Luttrell was later arrested upon a tip and he initially implicated a person other than Haas. Two years after the incident, the investigation was reopened and Luttrell was again interrogated. At this time Luttrell fully implicated Haas. Other evidence was offered by the state showing that two persons saw the explosive device prior to the time it was placed in the restaurant by Luttrell. Also, Haas' former wife testified that Haas called her on the telephone and warned her that "the Italian" had done something in Ms. Doss' restaurant that was dangerous and cautioned

her to stay away from the restaurant. The witness identified "the Italian" as the appellant, Haas.

The evidence as above stated must be viewed by the appellate court in the light most favorable to the verdict rendered, for every presumption and inference is in favor of the verdict. *Eubanks v. State,* 240 Ga. 544 (242 SE2d 41); *Hudgins v. State,* 125 Ga. App. 576 (188 SE2d 430). In viewing the denial of a motion for directed verdict, the proper standard to be utilized by the appellate court is the "any evidence" test. *Lee v. State,* 237 Ga. 626, 629 (229 SE2d 404); *Bethay v. State,* 235 Ga. 371 (219 SE2d 743). There being at least some evidence to support the jury's verdict, we will not disturb the trial court's denial of the motion for directed verdict. *Mitchell v. State,* 236 Ga. 251, 257 (223 SE2d 650).

2. Appellant complains that repeated references to an alias used in the indictment, an Italian connection, that appellant was a "Sicilian" and other such statements improperly placed appellant's character into evidence and inflamed the jury against him. We find no error. There was direct evidence that Haas had used several names, that he was a "Sicilian," had referred to himself as "the Italian," and had consorted with persons with criminal backgrounds. At no point did the prosecutor allege that Haas was a member of the "Mafia" or of organized crime. The evidence otherwise having probative value, we consider whether the use of this evidence in argument was error.

Counsel is permitted, in the sound discretion of the court, to argue all reasonable inferences and deductions which may be drawn from the evidence, however illogical they may seem to the opposite party. *Hightower v. State,* 225 Ga. 681 (3) (171 SE2d 148); *Minor v. State,* 143 Ga. App. 457, 458 (238 SE2d 582). What the law forbids is the introduction into a case by way of argument of facts which are not in the record and are calculated to prejudice a party and render the trial unfair. The language used in argument may be extravagant; but figurative speech is a legitimate weapon in forensic warfare so long as the facts upon which it is founded are in evidence. *Waits v. Hardy,* 214 Ga. 41, 43 (102 SE2d 590); *Grossman v. Glass,* 143 Ga. App. 464, 465 (2) (238 SE2d 569). The state's argument

referred only to facts in evidence and drew no unreasonable or improper inferences. This enumeration has no merit.

3. Several times during the state's closing argument, the state referred to the absence of defense evidence. Appellant contends that this amounted to an impermissible comment upon the appellant's right to testimonial silence. In the trial of a criminal case in which the defendant does not give sworn testimony, it is improper for the state's counsel to argue that fact to the jury. *Mitchell v. State,* 226 Ga. 450, 455 (175 SE2d 545). However, it is not improper for the prosecutor to reflect upon the failure of the defense to present any evidence to rebut the proof adduced by the state. *Delvers v. State,* 139 Ga. App. 119, 121 (227 SE2d 844); *Floyd v. State,* 135 Ga. App. 217, 220 (217 SE2d 452). That is all that occurred in this case. This enumeration lacks merit.

4. In his fourth enumeration of error, Haas argues that the prosecution impermissibly attempted to inject his character and inflame the jury, and that the trial court erred by allowing evidence of an alleged sexual perversion. Appellant defended on the obvious ground that Luttrell was an unbelievable witness and that there was no link between Haas and Ms. Doss if Luttrell's testimony was discredited. The evidence of Ms. Doss' allegation that Haas had perverted sexual tastes and his alleged response to that allegation was directly related to the crime charged and the motive for its commission. Any evidence is relevant which logically tends to prove or to disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. *Garner v. State,* 83 Ga. App. 178, 185 (63 SE2d 225); *Allen v. State,* 137 Ga. App. 755, 756 (224 SE2d 834). Evidence, if otherwise admissible, does not become inadmissible because it incidentally puts the appellant's character in issue. *Whippler v. State,* 218 Ga. 198, 200 (126 SE2d 744), cert. den., 375 U. S. 960. This enumeration likewise is without merit.

5. Appellant complains in his fifth enumeration of error that the trial court did not retain its impartiality but displayed bias and prosecutorial propensity by directing a

witness to give desired testimony, chiding the defense counsel repeatedly in the presence of the jury and commenting in its charge on the fact that Haas had used an alias. The transcript discloses a hard fought, well defended case in which defense counsel aggressively protected the right of his client. In his brief, counsel admitted that on occasion he may have earned criticism by the court. In regard to the direction to the witness, the transcript discloses that the witness for the state, was most reluctant and surprised the state. The trial court did admonish the witness to respond to the question but also made it quite clear that the witness should testify only to the truth of matters within his knowledge.

The trial judge is more than a mere moderator of a debate, he is a minister of justice, whose duty it is to govern the progress of the trial and, where possible, to prevent introduction of redundant or inadmissible matters. *Heard v. Heard,* 99 Ga. App. 864, 869 (110 SE2d 76). Because of the trial court's broad discretion in regulating and controlling the business of the court, the reviewing court should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse, or the court in some manner takes away the rights the parties have under the law. *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166); *Weaver v. State,* 137 Ga. App. 470, 471 (224 SE2d 110). The trial court's identification of the defendant, Haas, by use of his alias, Hayes, as he was named in the indictment, was not error. See *Rickerson v. State,* 142 Ga. App. 238 (235 SE2d 655). This enumeration lacks merit.

6. Following his conviction, the state attempted to introduce a 40-year-old felony conviction as aggravation during the sentencing proceedings. The trial court refused to consider the document recognizing that it did not show that Haas had been represented by counsel at the earlier trial. Haas alleges error in that the mischief was done by the attempt to introduce the illegal evidence and that the consequent harm could not be attenuated.

We will not place so little confidence in the competence or integrity of the esteemed members of the bench. There is a presumption, in the absence of a strong showing to the contrary, that the trial judge sifts the

wheat from the chaff, ignoring illegal evidence and considering only legal evidence. *Campbell v. State,* 157 Ga. 233, 235 (121 SE 306). In this case the trial court expressly ruled that it would not consider this improper evidence, and appellant has not met his burden of making a showing that the trial court was clearly prejudiced by his exposure to it. See *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741). We find no error here.

7. In the eighth enumeration of error, appellant contends that the trial court erred in failing to charge, upon request, that the testimony of an accomplice always should be scrutinized carefully. In support of this contention, appellant cites several federal cases. See Tillery v. United States, 411 F2d 644 (5th Cir. 1969); Williamson v. United States, 332 F2d 123 (5th Cir. 1964). The federal courts allow a conviction on the *uncorroborated* testimony of an accomplice, if not incredible or unsubstantial on its face. Tillery, supra, p. 647. Where the testimony of the accomplice comprises the whole of the evidence against the defendant and that testimony is shown to be unreliable or incredible, it is error to fail to charge that the accomplice's testimony should be received with caution and viewed with skepticism.

Such is not the rule in Georgia. This state's requirement is one of corroboration and where there is corroboration, the law of this state does not require an additional instruction to the jury that the testimony of the accomplice must be received with skepticism. See *Tamplin v. State,* 235 Ga. 20, 23 (3) (218 SE2d 779). Although it is not error to give such an instruction upon request, we decline to hold that the failure to so charge where the corroboration requirement has been satisfied is error requiring a new trial. Moreover, the trial court charged fully on the law of accomplices and the credibility problems attendant upon such a witness. Failure to charge in the exact language requested, where the charge given substantially covered the same principle is not error. *Crawford v. State,* 236 Ga. 491, 493 (224 SE2d 365); *Leutner v. State,* 235 Ga. 77, 81 (218 SE2d 820). This enumeration is without merit.

8. In enumeration of error no. 7, appellant asserts

that even if the individual errors enumerated do not require reversal, the cumulative effect of those errors requires a new trial.

Inasmuch as we have found no error in the foregoing enumerations, appellant's cumulative error argument has no application. "As was said in Nicholas v. Yellow Cab Co., 180 NE2d 279, 286, 'Any error shown upon the record must stand or fall on its own merits and is not aided by the accumulative effect of other claims of error.'" *Hess Oil &c. Corp. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70). This enumeration lacks merit.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Submitted May 15, 1978 — Decided June 22, 1978 — Rehearing denied July 14, 1978 — ▮▮▮▮▮▮▮

*Word, Cook & Word, Reuben M. Word, Herbert Shafer,* for appellant.

*William F. Lee, Jr., District Attorney,* for appellee.