372 (24 SE2d 399)." *Phillips v. State,* 142 Ga. App. 581, 582 (3) (236 SE2d 519) (1977); *Holland v. State,* 143 Ga. App. 817 (1) (240 SE2d 161) (1977), cert. den. 143 Ga. App. 910.

## 56869. PHILLIPS v. THE STATE.

WEBB, Judge.

We find no reversible error in Phillips' conviction of burglary, and accordingly we affirm.

1. A mistrial was not required because of a statement by the accomplice that he and Phillips were riding around together and Phillips said that all he knew how to do was to "break in some places." The testimony did not impermissibly put Phillips' character in issue but was admissible to show intent, motive, and bent of mind. *Phillips v. State,* 146 Ga. App. 423, 424 (2) (246 SE2d 438) (1978); *Young v. State,* 146 Ga. App. 391, 395 (6) (246 SE2d 711) (1978).

2. No reversible error appears in the prosecuting attorney's rhetorical question in argument to the jury as to the failure of Phillips to produce his alibi witness. *Allanson v. State,* 144 Ga. App. 450 (4) (241 SE2d 314) (1978); *Bryant v. State,* 146 Ga. App. 43 (1) (245 SE2d 333) (1978).

3. The charge on impeachment of witnesses complained of in Enumeration 3 was approved in *Smaha v. George,* 195 Ga. 412 (4a) (24 SE2d 385) (1943) and *Davis v. State,* 241 Ga. 376, 384 (7) (247 SE2d 45) (1978).

4. It was not error to overrule the motion for directed verdict of acquittal grounded upon a contention that the testimony of the accomplice was not sufficiently corroborated. Evidence from other sources showed that Phillips and the accomplice were seen together before and after the crime; that after the crime they were opening and closing doors moving something into the utility room at the home of the accomplice's mother; that when the mother asked what was going on the son replied, "If I told you, you would call the law on me," as well as stating that he and Phillips needed to get out of town in a hurry; that the mother called the police and the two ran when Sergeant Ellington arrived; and that the stolen goods were found in the utility room.

This evidence is quite sufficient to corroborate the testimony of the accomplice that he and Phillips stole the goods and stored them in the utility room. "Slight evidence of defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict." *Cummings v. State,* 240 Ga. 104, 105 (239 SE2d 529) (1977). Accord, *Alderman v. State,* 241 Ga. 496, 509 (6) (246 SE2d 642) (1978).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED NOVEMBER 6, 1978 — DECIDED NOVEMBER 20, 1978.

*Barnes & Browning, Thomas J. Browning,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas W. Hayes, Assistant District Attorneys,* for appellee.