## 62794. KRAUS v. THE STATE.

POPE, Judge.

Appellant, Klaus Kraus, was convicted of theft by taking property of a value less than $200, simple assault, driving under the influence of alcohol, and escape from custody while armed with a dangerous weapon. He was sentenced to serve a total of seven years on the various charges.[1]

The incident began the night of July 19, 1980 when Cornelia, Georgia police stopped a car for speeding and were informed by the driver that he had been shot at by the occupants of a brown or green Pontiac Gran Prix. Shortly thereafter a city policman observed a car fitting this description and began following it. When the car began swerving back and forth across the centerline, the policeman stopped the car. Three people were inside the car — the appellant (who was driving), Gary Thomas and Rebecca Nations. The officer ordered the three out of the car, one at a time, and had them place their hands on the car. He smelled the odor of alcohol on Kraus and noticed that his speech was slurred and his eyes were "blurry." He placed Kraus under arrest for driving under the influence.

Kraus resisted being put in the back seat of the police car and a struggle ensued. The police officer struck the subject twice on the head with his blackjack. Kraus stopped resisting momentarily, but then began to fight with the officer. Rebecca Nations joined in and attempted to grab the officer's service revolver. In the struggle the weapon was dislodged from its holster. Nations grabbed it and handed it to Thomas. Thomas leveled the weapon on the officer and ordered the officer to "let him go and we won't have no more trouble." The officer complied with the demand and Kraus and Thomas, armed with the officer's weapon, took off in the Gran Prix. Nations left in another car that drove up following the incident.

1. Appellant contends the trial court erred in refusing to grant a mistrial when the district attorney entered the courtroom slapping a blackjack on his hand during cross examination by defense counsel. When the objection was made, the district attorney made certain comments indicating that he was bringing to the assistant district attorney a blackjack which was the same size as the one the officer had used in an attempt to subdue appellant Kraus the night of the

---

[1] This appeal was originally consolidated with the appeal of a co-defendant, Gary Thomas, but the appeals were dismissed when the appellants escaped from jail. Appellant Kraus was recaptured prior to the date the order of dismissal was issued and his appeal was reinstated by order of this court.

incident. The district attorney noted that testimony had indicated that the blackjack the officer used was almost half the size of a blackjack displayed to the jury and slapped on the rail of the jury box by defense counsel.

A motion for a mistrial was made on the ground that the district attorney's comments and actions constituted misconduct in the presence of the jury. After some discussion between the trial court and counsel, the court instructed the jury that anything the district attorney had said about the blackjack was not to be considered as evidence. The curative instructions given the jury under the circumstances of this case were sufficient to avoid harm to the appellant, and the trial judge did not abuse his discretion in refusing to grant the mistrial because of the alleged misconduct of the district attorney. *James v. State,* 215 Ga. 213 (4) (109 SE2d 735) (1959). Furthermore, the motion for mistrial was not renewed after the court's curative instructions. "If the relief granted was not sufficient, it was the obligation of counsel for [appellant] to promptly ask for additional relief." *Jones v. State,* 159 Ga. App. 845, 847 (285 SE2d 584) (1981).

2. Appellant contends the trial court erred in failing to grant a mistrial based on the prosecution's closing argument regarding the oversized blackjack which defense counsel had displayed to the jury but had not introduced into evidence. The argument was not reported but in the transcript the trial judge summarized the prosecution's statement to the jury as follows: "If it was such a deadly weapon why wasn't it introduced in evidence. . . ."

"Though the prosecutor may not comment on a *defendant's* failure to testify, '(i)t is not error, nor is it improper for the prosecutor to reflect upon the failure of the defense to present any evidence to rebut the proof adduced by the state.' " *Smith v. State,* 245 Ga. 205, 207 (264 SE2d 15) (1980).

During the trial the arresting officer was asked on cross examination if the type of blackjack that was used on Mr. Kraus was a deadly weapon. Appellant's counsel asked the officer about his police training by asking, "Did you also learn that where an arrest is for a misdemeanor the use of extreme or deadly force is improper?" The officer testified that the blackjack he used on appellant Kraus was not a deadly weapon and that he had been trained not to use deadly force in such a situation. The district attorney's comments in the present case were permissible comments on appellant's failure to rebut the officer's testimony. *Haas v. State,* 146 Ga. App. 729 (3) (247 SE2d 507) (1978); *Bryant v. State,* 146 Ga. App. 43 (1) (245 SE2d 333) (1978); *Allanson v. State,* 144 Ga. App. 450 (4) (241 SE2d 314) (1978). There was no direct reference to the failure of the appellant to testify.

*Delvers v. State,* 139 Ga. App. 119 (3) (227 SE2d 844) (1976).

3. Appellant argues that the trial court erred in failing to block out the charge for theft of a blackjack from the indictment, contending there was insufficient evidence presented at trial to prove that appellant had taken the blackjack. Appellant's counsel argued that if the blackjack charge was left in the indictment, the jury could consider its value in determining the grade of punishment to impose for theft.

Any error committed was harmless as the jury found appellant guilty of misdemeanor theft. The value of the property was therefore not an issue. Code Ann. §§ 26-1802; 26-1812.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 19, 1982.

*Bruce S. Harvey,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.