## 57456. BRYANT v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted in two counts for the offense of aggravated assault against a law enforcement officer. He was convicted on both counts and sentenced to serve a term of five years as to one offense and an additional five years to be computed according to law and to run concurrent to the sentence imposed as to the other offense. A motion for new trial was filed, later amended, and after a hearing, denied. Defendant appeals. *Held:*

1. The motion to dismiss is not meritorious and is therefore denied.

2. The first enumeration urges error in that a state trooper was allowed to testify as to telephone calls

received at the state patrol headquarters. The first call was by a female stating there was trouble at "A. C. Bryant's place." No objection was made to this testimony as to the female caller. He then testified to two other calls from a male voice identified by him as being the same person, the individual stating he lived out at A. C. Bryant's Truck Stop, that there would be some shooting out there and that the second call was to "send all the big hats so and so out here I got something for them this that and the other." The testimony was relevant to show conduct on the part of the officer and to show motive on the part of the caller. See Code § 38-302; *Boggus v. State,* 136 Ga. App. 917 (2) (222 SE2d 686); *Arnold v. State,* 236 Ga. 534, 536-537 (5) (224 SE2d 386); *Bradley v. State,* 137 Ga. App. 670, 671 (2) (224 SE2d 778).

3. The next enumeration of error complains of the district attorney's closing argument as to these conversations which had been admitted as original evidence under Code § 38-302. There is no merit in this complaint since the district attorney may comment upon the evidence and draw conclusions therefrom. See in this connection *Wallace v. State,* 146 Ga. App. 21 (245 SE2d 357); *Shy v. State,* 234 Ga. 816, 824 (III) (218 SE2d 599).

4. The district attorney may not comment upon the defendant's right to testimonial silence. See *Mitchell v. State,* 226 Ga. 450, 455 (175 SE2d 545); *Spann v. State,* 126 Ga. App. 370, 371 (2) (190 SE2d 924). However, there is no error for the district attorney to reflect upon the failure of the defense to present any evidence to rebut the proof adduced by the state. See *Delvers v. State,* 139 Ga. App. 119, 121 (227 SE2d 844); *Floyd v. State,* 135 Ga. App. 217, 220 (217 SE2d 452). The prosecutor may draw also inferences from the non-production of defense witnesses and to comment upon the failure to produce a witness allegedly having information. See *Montgomery v. State,* 140 Ga. App. 286, 287-288 (3) (231 SE2d 108); *Contreras v. State,* 242 Ga. 369, 372 (3) (249 SE2d 56). We find no error in the district attorney's argument that defendant failed to produce his wife to testify as to his convulsions and as to what the defendant did. There was no direct evidence that she was present but there was circumstantial evidence that she was present during the entire episode. We find no

reversible error here.

5. The defendant raised the plea of insanity under his general plea of not guilty. However, the trial court correctly charged on the law covering an insanity defense, that is, that it must be shown by a preponderance of evidence that he was not mentally responsible at the time of the commission of the alleged offense. See *Potts v. State,* 241 Ga. 67, 81 (243 SE2d 510); *Durham v. State,* 239 Ga. 697, 698 (238 SE2d 334); *Grace v. Hopper,* 234 Ga. 669 (217 SE2d 267). While the defendant has no obligation to prove any defense the defendant is presumed to be sane until shown otherwise. See *Richardson v. State,* 143 Ga. App. 846, 847 (2) (240 SE2d 217); *Longshore v. State,* 242 Ga. 689, 690 (1) (251 SE2d 280). The charge here was not burden shifting.

6. Upon considering the entire charge the trial court correctly charged on aggravated assault as to the issue of the criminal intent necessary to commit a crime. See *Riddle v. State,* 145 Ga. App. 328, 330 (1) (243 SE2d 607); *Grant v. State,* 136 Ga. App. 351 (1) (221 SE2d 210); *Harper v. State,* 127 Ga. App. 359, 360 (3) (193 SE2d 259). Clearly, the court charged after instructing on the meaning of assault, that the assault becomes aggravated if committed with a deadly weapon, which it thereafter defined. There is no merit in this complaint.

7. As the court's charge on insanity was complete, the trial court did not err in failing to charge an excerpt from the case of *Roberts v. State,* 3 Ga. 310 (3), 326-333. Since the charge on insanity was substantially and correctly made and the general charge embraces the same subject matter or as much as is appropriate as the requested charge, there is no error. *Leutner v. State,* 235 Ga. 77, 81 (5) (218 SE2d 820); *Crawford v. State,* 236 Ga. 491, 493 (224 SE2d 365); *Epps v. State,* 134 Ga. App. 429, 434 (7) (214 SE2d 703).

8. Since this court does not pass on the weight of the evidence, but only upon its sufficiency, if there is any evidence to support the verdict it will be upheld. There is no merit in the contention that the evidence was insufficient to support the jury verdict since we find it sufficient. *Bryant v. State,* 146 Ga. App. 43, 46 (7) (245 SE2d 333) and cits.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED MARCH 8, 1979 — DECIDED APRIL 9, 1979 — REHEARING DENIED MAY 3, 1979 —

A. G. Wells, Jr., for appellant.
*Dupont K. Cheney, District Attorney,* for appellee.