### 57394. MEYER v. THE STATE.

SHULMAN, Judge.

Defendant-Meyer was a passenger in a car driven by her boyfriend, Richard Stegman. Another automobile pulled up beside Stegman's vehicle, which was stopped at a traffic light. When the occupants of the other automobile saw the defendant and Stegman embrace, they began to honk the horn and wave at the couple. In response, defendant picked up a handgun lying on the back seat of Stegman's car. She pointed it out her window, and as the other car pulled out into the intersection, the gun went off, shattering the car's rear window. Defendant was charged and convicted of aggravated assault. On appeal, we affirm.

1. Appellant enumerates as error the admission of a confession into evidence, claiming that her confession was not freely and voluntarily elicited, in violation of the Fifth and Sixth Amendments to the Georgia and United States Constitutions. We disagree.

A separate Jackson v. Denno (378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing was held to determine the voluntariness and admissibility of defendant's signed

confession. "The evidence heard . . . was sufficient to authorize the trial court to determine that the defendant was advised of [her] rights, that [she] was not placed under any duress, that [she] seemed to understand [her] rights, that [she] was not [then] under the influence of drugs or alcohol and that [she] seemed completely aware of what was going on around [her]." *Walker v. State,* 146 Ga. App. 555, 556 (246 SE2d 737).

As the state made a prima facie showing of voluntariness, the court properly admitted defendant-Meyer's confession into evidence for the jury's consideration. Thereafter, the question of whether or not defendant's confession was freely and voluntarily given, without hope of benefit or fear of injury, became one of fact for determination by the jury. *Walker,* supra; *Newton v. State,* 132 Ga. App. 873 (209 SE2d 690). That evidence was presented by the defense contradicting the state's testimony does not require a reversal of the court's determination of voluntariness. See *Moore v. State,* 221 Ga. 636 (3) (146 SE2d 895); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629).

2. At trial a police officer was permitted to testify, over appellant's objection, as to an allegedly incriminating statement he claimed to have inadvertantly overheard the defendant make in a telephone conversation with her parents. Appellant contends that eavesdropping by police on this conversation violated her rights under Code Ann. §§ 26-3001, 38-411, 38-420, and under the Georgia and United States Constitutions. We disagree.

A. Section 26-3001 states in relevant part that "[i]t shall be unlawful for (a) any person in a *clandestine* manner to *intentionally* overhear . . . or attempt to overhear . . . the private conversation of another which shall originate in any *private place. . ."* (Emphasis supplied.) A private place is defined in Code Ann. § 26-3009 as "a place where one is entitled to *reasonably expect* to be safe from *casual* or hostile intrusion or surveillance." (Emphasis supplied.)

Defendant made her phone call from the front desk in the reception area of the police station. Appellant admits that the call was made from a public room and that police

personnel were within her immediate vicinity. Although defendant testified that she believed her conversation would be private, a subjective belief, without more, does not constitute the reasonable expectation of privacy necessary to invoke the protection of § 26-3001 et seq. Indeed, in view of the presence of a number of people in the room at the time of defendant's call and in the absence of a request for more private accommodations, it would be incongruous to presume that defendant's reliance on the privacy of her conversation was either justifiable or reasonable. See *Satterfield v. State,* 127 Ga. App. 528 (4) (194 SE2d 295), where this court found no error in failing to suppress evidence of a telephone conversation heard by police officers through the walls of a hotel room, and held that such actions did not constitute eavesdropping under § 26-3001. Compare Katz v. United States, 389 U. S. 347 (88 SC 507, 19 LE2d 576), holding that a telephone call, even though made from a public telephone booth, was entitled to constitutional protection from warrantless electronic surveillance where the caller sought to preserve the conversation as private by closing the telephone booth door.

B. We are similarly unpersuaded by appellant's argument that evidence of the telephone conversation was subject to exclusion because it was obtained in violation of her constitutional right of access to counsel and her due process right not to be held incommunicado.

Appellant apparently seeks to expand the right to counsel to include the right of the accused to communicate with someone who will contact an attorney. As authority for this proposition, appellant cites Rule 241 of the Uniform Rules of Criminal Procedure, which affords an accused the right to communicate with someone who will contact an attorney. Georgia has not adopted this rule, and in the absence of clear legislative directive, we refuse to do so. We also decline to extend the constitutionally protected right to counsel to defendant's conversation with her parents.

Appellant's contentions to the contrary notwithstanding, there is no indication that defendant was held incommunicado and could not have contacted an attorney herself if she had so desired. Compare Davis v.

North Carolina, 384 U. S. 737 (87 SC 1761, 16 LE2d 895).

3. Appellant contends that the court committed error in allowing the handgun found behind the firewall of Stegman's car to be admitted into evidence, as it was discovered during the course of an unlawful search and seizure. It is asserted that the admission of this evidence over proper objection constitutes reversible error. As we conclude that the search and seizure which appellant finds objectionable did not violate any of her rights, we need not decide whether the search and seizure may have violated rights secured to others.

A. The recent Supreme Court case of Rakas v. Illinois, — U. S. — (99 SC 421, 58 LE2d 387), is nearly indistinguishable on its facts and controlling authority for our holding in the case at bar. As in the present case, petitioners in Rakas were passengers in an automobile and asserted neither a possessory interest in the automobile searched nor an interest in the property seized. The court held that petitioners, who were merely passengers, did not have a legitimate expectation of privacy in the areas of the car searched (the glove compartment and the area under the seat of the car), and, accordingly, did not have their Fourth Amendment rights infringed by the search and seizure which they sought to challenge.

B. Appellant, citing Jones v. United States, 362 U. S. 257 (80 SC 725, 4 LE2d 697), claims that as she was legitimately on the premises at the time of the search, she had standing to challenge the validity of the search. Appellant's reliance is misplaced. The court in Rakas, supra, 58 LE2d 387, 401, limited Jones, holding that petitioners' occupancy of an automobile was not comparable to Jones' occupancy of an apartment. Indeed, the court declared that Jones had created "too broad a gauge" (id., p. 400) for measuring Fourth Amendment rights. The fact that defendant may have legitimately been on the premises searched (i.e., as a passenger in the automobile) does not in and of itself entitle her to challenge the validity of the search and seizure.

C. Appellant argues that as possession of the handgun seized was a necessary element of the crime with which she was charged (see in this regard *Whitehead v.*

*State,* 144 Ga. App. 836 (3) (242 SE2d 754), which held that as possession of a firearm was an essential element of the offense of armed robbery, the crime of possession of a firearm merged with the charge of armed robbery), she has automatic standing to contest the lawfulness of the search. See Jones v. United States, supra; Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247); Rakas v. Illinois, supra, 58 LE2d 387, fn. 4.

Again, we must take issue with appellant's contentions. It is true that "when. . . possession of the seized evidence is itself an essential element of the offense with which the defendant is charged, the [state] is precluded from denying that the defendant has the requisite possessory interest to challenge the admission of the evidence." Simmons, supra, p. 390. However, the fact that defendant could not have been convicted of both aggravated assault and illegal possession of a handgun (the fact that those crimes may merge) does not give defendant automatic standing to complain of the search and seizure. It is only "where possession at the time of the contested search and seizure is 'an essential element of the offense . . . charged,'" that one is entitled to automatic standing. Brown v. United States, 411 U. S. 223, 228 (93 SC 1565, 36 LE2d 208); Simmons v. United States, supra.

The case against appellant does not depend upon her possession of the seized evidence at the time of the contested search and seizure. (See Rakas, supra, where in holding that a seized rifle was properly allowed into evidence in a prosecution for armed robbery, the court impliedly rejected the argument that possession of the rifle was an essential element of armed robbery so as to confer "automatic standing" to challenge the lawfulness of the search and seizure.)

D. In summary, we hold that appellant's claims must fail. Appellant has alleged no proprietary or possessory interest in either the automobile or the handgun seized from the automobile. She was not charged with an offense which included, as an essential element, possession of the seized evidence at the time of the contested search and seizure. Rakas, supra. This being so, the disputed search and seizure did not infringe on an interest of the appellant which the Fourth

Amendment was designed to protect.

4. Appellant alleges that the trial court erred in admitting into evidence testimony allegedly putting her character in issue, in violation of Code Ann. § 38-202. Specifically, appellant complains of testimony regarding her "belligerent conduct" upon her arrest and while in custody. This is not well taken.

Assuming, but not deciding, that such testimony put defendant's character in issue, it was admissible to explain the officer's course of conduct, as appellant had, at trial, put in issue the conduct of her arresting officers in challenging the voluntariness of her confession.

It is well established that evidence relating to the time and place of arrest, whether the defendant was armed or resisted arrest, and all other circumstances connected with the arrest, are proper matters to be submitted to the jury. *Strickland v. State,* 137 Ga. App. 419 (2) (224 SE2d 87).

5. As appellant's enumerations of error are without merit, the trial court properly denied her motion for new trial. *Long v. State,* 237 Ga. 110 (227 SE2d 22).

This court recognizes appellant's status as a first offender but is without authority to review the sentence of the court below.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

SUBMITTED MARCH 7, 1979 — DECIDED JUNE 22, 1979 — REHEARING DENIED JULY 10, 1979 —

*Cook, Noell, Bates & Warnes, Edward D. Tolley,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.