## 61784. WOOD v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of criminal damage to property.

1. Appellant's motion to suppress certain evidence was denied. Citing Jones v. United States, 362 U. S. 257 (80 SC 725, 4 LE2d 697) (1960), appellant urges that he had "standing" to challenge the validity of the seizure of the evidence from the back seat and floorboard of an automobile owned by another. Appellant's reliance on Jones is misplaced since it was overruled in United States v. Salvucci, 448 U. S. 83 (100 SC —— 65 LE2d 619) (1980). The Supreme Court has "discarded reliance on concepts of 'standing' in determining whether a defendant is entitled to claim the protections of the exclusionary rule. The inquiry, . . ., is simply whether the defendant's rights were violated by the allegedly illegal search or seizure." Salvucci, 448 U. S. 83, 87, fn. 4, supra. Where neither a property nor a possessory interest in the automobile nor an interest in the property seized is asserted, the fact that one was " 'legitimately on (the) premises' in the sense that [he was] in the car with permission of its owner is not determinative of whether [he] had a legitimate expectation of privacy in the particular areas of the automobile search." Rakas v. Illinois, 439 U. S. 128, 148 (99 SC 421, 58 LE2d 387) (1978). See also *Meyer v. State,* 150 Ga. App. 613, 616 (3) (258 SE2d 217) (1979).

In the instant case appellant's rights were not violated by the seizure of the evidence from the automobile. He was not even "legitimately on the premises" at the time of the seizure since the automobile was discovered under circumstances which would

support the conclusion that it had been abandoned. See *Fears v. State,* 152 Ga. App. 817, 818 (1) (264 SE2d 284) (1979); *Marshall v. State,* 153 Ga. App. 198 (1) (264 SE2d 718) (1980). Moreover, appellant's "claim is one which would fail even in an analogous situation in a dwelling place, since [he] made no showing that [he] had any legitimate expectation of privacy in the [backseat and floorboard] of the car in which [he had been] merely [a passenger]. Like the trunk of an automobile, these are areas in which a passenger *qua* passenger simply would not normally have a legitimate expectation of privacy." Rakas, 439 U. S. at 148-149, supra. "This being so, the disputed search and seizure did not infringe on an interest of the appellant which the Fourth Amendment was designed to protect." *Meyer v. State,* 150 Ga. App. 613, 617-618, supra. Indeed, the evidence was observed in plain view under circumstances which authorized its immediate seizure without a warrant. *Gainey v. State,* 132 Ga. App. 870, 871 (2) (209 SE2d 687) (1974).

The motion to suppress was not erroneously denied for any reason urged on appeal.

2. Appellant urges that it was error to introduce into evidence a spent bullet because no chain of custody had been established. "Distinct physical objects which can be identified upon mere observation require no custodial proof for their admission. [Cit.]" *Ewald v. State,* 156 Ga. App. 68, 69 (2) (274 SE2d 31) (1980). A showing of an unbroken chain of custody is necessary only if the bullets which are offered for admission into evidence "are not distinct and recognizable objects that can be identified..." *Blair v. State,* 245 Ga. 611, 613 (266 SE2d 214) (1980). Applying this rule in the instant case, the distinctive bullet was sufficiently identified as the one removed from the victim's house so that a further showing of the chain of custody was not a necessary prerequisite to its admission into evidence. *Sims v. State,* 243 Ga. 83, 85 (3) (252 SE2d 501) (1979). There was no error.

3. Appellant urges that it was error to deny his motion for mistrial after the district attorney in his closing argument made a comment on appellant's failure to testify. The comment which appellant contends violated Code Ann. § 38-415 and his Fifth Amendment rights is as follows: "[Y]ou heard all of the evidence, and you have seen the witnesses. We asked where the other people were. Mickey Rooker, Greg Patton, and Keith Hammond, and whoever else didn't testify. I guess we could be here three days if we want to bring them all in. They are out here and they are available. [Defense counsel] could have called them if he had wanted you to hear what they had to say." While the motion for mistrial was denied, the trial court instructed the jury to disregard the remark and polled the

jurors to insure that they had "cast it aside."

"The district attorney may not comment upon the defendant's right to testimonial silence. [Cits.] However, there is no error for the district attorney to reflect upon the failure of the defense to present any evidence to rebut the proof adduced by the state. [Cits.] The prosecutor may draw also inferences from the nonproduction of defense witnesses and to comment upon the failure to produce a witness allegedly having information. [Cits.]" *Bryant v. State,* 149 Ga. App. 777, 778 (4) (256 SE2d 52) (1979). In the instant case, we believe that the district attorney's comment was a permissible reflection on appellant's failure to produce witnesses (see *Gamarra v. State,* 142 Ga. App. 196, 199 (5) (235 SE2d 652) (1977)) rather than an infringement of Code Ann. § 38-415 and a violation of appellant's Fifth Amendment rights. See *Carter v. State,* 238 Ga. 446 (233 SE2d 201) (1977). However, accepting for the sake of argument appellant's interpretation of the comment, it is clear that the trial court's curative actions eliminated the district attorney's remark from the jury's consideration. *Lingerfelt v. State,* 238 Ga. 355, 360 (5) (233 SE2d 356) (1977); *Sweatt v. State,* 149 Ga. App. 717, 718 (256 SE2d 28) (1979); *Simmons v. State,* 149 Ga. App. 830, 832 (4) (256 SE2d 79) (1979). There was no error in denying appellant's motion for mistrial.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JULY 9, 1981 —

*Edward D. Tolley,* for appellant.

*Harry N. Gordon, District Attorney, Robert N. Elkins, Assistant District Attorney,* for appellee.