A92A1462, A92A1555. GREEN v. THE STATE (two cases).
(424 SE2d 646)

BIRDSONG, Presiding Judge.

Mark Allen Green a/k/a Mark Alan Green a/k/a Mark Allan Green a/k/a Mark Allen a/k/a Mark A. Green a/k/a Mark Allen Booking appeals the order of final disposition of the trial court as to his conviction of aggravated assault and sentence. Appellant was convicted of committing aggravated assault by shooting the victim with a deadly weapon, to-wit: a pistol. He enumerates three errors. *Held*:

1. By order of this court of May 20, 1992, Case Nos. A92A1462 and A92A1555 were duly consolidated under the caption of Case No. A92A1462.

2. Appellant asserts the trial court erred in admitting in evidence a bullet retrieved from the victim during surgery. Appellant contends the bullet was inadmissible because an adequate chain of custody had not been established.

The victim testified without objection that, on October 25, 1991, he was shot by appellant twice, and that one bullet lodged near his buttocks. After being dismissed from Grady Hospital, the victim subsequently had the bullet removed at West Paces Ferry Hospital. A physician gave him the bullet extracted from his body. The victim, who is not familiar with guns, positively identified the bullet in the container, both objects being marked as State's Exhibit No. 1, as the bullet "that struck [him] and was lodged in [his] right buttocks." He also identified the bullet as the one that was taken from his body at the hospital. The victim knew the bullet came out of his hip, as it was the one given him by the physician at the hospital. Although the victim did not retain custody of the bullet from the time it was given to him until the time of trial, as he gave the bullet to a detective about a week after he received it, during the week he had the bullet it was in his custody at all times. A detective testified, without objection, that the victim had given him State's Exhibit No. 1 (the bullet and container). The detective also was the property officer and he placed the bullet and container in the local police property room. The property room is secure. The bullet remained in the property room until

the day of trial. The bullet does not appear to have been tampered with in any manner since given him by the victim. The bullet appears to be a .38 caliber bullet. The gun used in the shooting was never found. State's Exhibit No. 1, in addition to the bullet at issue, included a plastic container with a label attached. The State, outside the presence of the jury, without contradiction or objection from appellant stated: "The container . . . appears to be a hospital type — actually, a urine specimen jar, as far as I can tell, with a label still on it indicating Brown Colnith A. as the name and the word bullet on there and the date of the 11-9-90." Our independent examination of the photograph of State's Exhibit No. 1 attached to this record, and of the actual exhibit itself, reveals no inaccuracy by the State in its characterization of the exhibit.

Appellant subsequently objected to the admissibility of the bullet on the sole ground that an inadequate chain of custody had been established for its admissibility.

(a) We find that, considering the manner in which the bullet was packaged and the circumstances surrounding the victim's familiarity with State's Exhibit No. 1, the exhibit was a distinct physical object which could be identified by the victim, his lack of familiarity with guns notwithstanding, upon mere observation. Accordingly, chain of custody did not have to be established for its admissibility. *Wood v. State*, 159 Ga. App. 221, 222 (2) (283 SE2d 79).

(b) Moreover, had a chain of custody been required, the State made an adequate showing thereof to provide a sufficient foundation for the admission in evidence of the bullet and its container. Considering the testimony of the victim and the detective in its totality, coupled with our examination of the container in which the bullet was enclosed when given to the detective by the victim, we are satisfied that the State has shown with reasonable certainty that the bullet is the same as that surgically removed from defendant's body and that there has been no tampering or substitution thereof. See generally *Williams v. State*, 199 Ga. App. 122 (404 SE2d 296). Nor was it necessary to establish chain of custody that all persons who handled the bullet testify, particularly when, as in this case, appellant raised no timely and specific objection at trial that the evidence had been tampered with or substituted prior to its admission in evidence. Id. at 123 (2).

(c) Furthermore, the gun used in the shooting was never found; thus, the bullet was not introduced as a prerequisite to the admission of expert ballistic testimony attempting to link the bullet to the gun, or to link both the bullet and gun to appellant. Compare *Gribble v. State*, 248 Ga. 567, 569 (2) (284 SE2d 277). The victim testified without objection that the bullet was the one taken from his body. The detective testified without objection that the bullet appeared to be of

.38 caliber. "All evidence is admitted as a matter of course unless a valid ground of objection is interposed." (Citations and punctuation omitted.) *Smarr v. State*, 199 Ga. App. 572, 573 (2) (405 SE2d 561). Introduction of the bullet would merely provide cumulative evidence as to those matters testified to by the State's witnesses. Thus, assuming arguendo, a chain of custody was required for the bullet's admission and that an adequate chain of custody had not been established, nevertheless as the bullet merely would have been cumulative of other testimony received in evidence without objection, its admission would not constitute reversible error. "[E]vidence is harmless where admissible evidence of the same fact is before the jury." *Young v. State*, 191 Ga. App. 651, 653 (2) (382 SE2d 642).

3. Appellant asserts the evidence was insufficient to prove appellant's guilt beyond a reasonable doubt. We disagree.

The victim testified he was confronted by appellant, who was accompanied by a friend, who accused him of stealing a VCR. The confrontation ended and the victim went to visit one of his friends. On returning to his apartment, the victim was again confronted by appellant about the VCR. The victim walked away and turned around. At that time, appellant turned, and the victim testified, "I knew he just shot me twice." Appellant was 10-15 feet away when he shot the victim. The victim was in shock and at that moment did not see the gun; he just felt the bullets enter his body. No one would help him get up. When he got up under his own power, appellant was coming toward him with the gun still in his hand. The victim tried to get the gun, but was too weak; as he was falling, the victim let go of the gun, and appellant "just ran away." One bullet went through the victim's left leg and one lodged in his buttocks.

In addition to identifying appellant as his assailant, the victim also testified as to appellant's flight from the scene following the shooting. Although a jury may no longer be and was not given a "flight" charge, "[t]he fact that a suspect flees the scene of a crime points to the question of guilt in a circumstantial manner." *Renner v. State*, 260 Ga. 515, 517 (3b) (397 SE2d 683). Flight is circumstantial evidence of consciousness of guilt; the weight to be given such evidence is for the jury to decide.

Although not adequately enumerated as error (*Partain v. State*, 139 Ga. App. 325 (6) (228 SE2d 292)), appellant argues that because the jury foreman reported, after announcement of the verdict and polling of the jury, that two jurors did not like the evidence presented by the prosecution, and that they believed there was not enough evidence, this established the jury's confusion over the quality of the State's evidence. Suffice it to say, the jury previously had been polled and all jurors affirmatively responded that the announced verdict of guilty was their verdict both in the jury room and at the time of pol-

ling. Additionally, after the remarks by the foreman, the trial judge conducted a specific inquiry into the matter. He determined on the record that no juror desired to change the verdict and that all jurors stood by the verdict as announced. The general remarks of the foreman as to his perception of the deliberation room concerns of two unidentified jurors, regarding evidence sufficiency, would not, standing alone, render the verdict invalid. Moreover, as defense counsel did not object or move for further deliberation after the jurors' responses, he waived any objection whether their verdict was unanimous. *Hanson v. State*, 258 Ga. 564, 568 (4a) (372 SE2d 436).

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of aggravated assault of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

4. Appellant asserts that his defense counsel at trial was inadequate. Specifically, he contends this inadequacy occurred during the sentencing phase of trial when counsel failed to object to matters offered in aggravation by the State, as to which no timely notice had been provided to the defense. See generally OCGA § 17-10-2 (a) and (d).

Following sentencing, appellant requested the appointment of an appellate counsel. His defense counsel at trial was appointed as appellate counsel. The trial court's order of final disposition was filed November 5, 1991. Appellant, on some date not identified in the record, hired other counsel to represent him on appeal. This counsel, his current appellate counsel, filed a timely motion for new trial on November 19, 1991. This motion averred three grounds for new trial: (1) defendant should be acquitted and discharged due to the State's failure to prove guilt beyond a reasonable doubt; (2) although the State proved defendant's guilt beyond a reasonable doubt, the evidence was sufficiently close to warrant the trial judge to exercise his discretion to grant defendant a retrial; and (3) the trial court committed an error of law warranting a new trial. The issue of inadequacy of original defense counsel was not reasonably raised in this motion. On December 4, 1991, appellant's original defense counsel filed a timely notice of appeal. On February 28, 1992, the order of the trial court denying the motion for new trial was filed. On March 20, 1992, appellant's current appellate counsel also filed a notice of appeal from the judgment of conviction entered on November 5, 1991, and by implication from the

order, filed on February 28, 1992, denying the motion for new trial of November 19, 1991. The record before us reveals that at no time did appellate counsel file an amended motion for new trial or otherwise raise the issue of adequacy of counsel before the trial court or timely request a hearing on the issue. Rather, appellate counsel has attempted to raise the issue of inadequacy of original counsel, for deficiencies allegedly occurring during the sentencing phase of trial, for the first time on appeal.

As appellant had the opportunity to raise the issue of inadequacy of his original defense counsel when his retained appellate counsel filed the motion for new trial, but failed to do so, he has waived the issue on appeal. *Dawson v. State*, 258 Ga. 380 (2) (369 SE2d 897); *Washington v. State*, 193 Ga. App. 823 (389 SE2d 407). Appellant also failed to file a request for a hearing as to the issue of inadequacy. *Dawson*, supra.

*Murray v. State*, 261 Ga. 824 (3) (413 SE2d 453) is distinguishable. In the case at bar, although the original defense counsel apparently had not been relieved of his duties toward appellant, newly retained counsel for appellant assumed the duty of representing appellant before the trial court in preparation for appeal, as evidenced by his timely filing of the motion for new trial. Thus, at this point, appellant had adequate opportunity to raise the issue of inadequacy of his original counsel and to request a hearing, which he failed to do. Accordingly, we find *Dawson*, supra, controlling and the issue of inadequacy not preserved on appeal.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED OCTOBER 29, 1992.

*Franklin, Moran & Boyle, Curtis L. Hubbard, Jr.*, for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Wm. Morgan Akins, Leonora Grant, Assistant District Attorneys*, for appellee.

