A93A0666. MACK v. THE STATE.
(432 SE2d 680)

BLACKBURN, Judge.
The defendant, Freddie Mack, and two co-defendants, were indicted for the armed robbery of an acquaintance of the defendant. After a separate trial by jury, the defendant was convicted of the offense and sentenced to ten years' imprisonment with five years to serve. This appeal followed.

At the *Jackson-Denno* hearing, Charles Dudley, a special agent with the Georgia Bureau of Investigation, testified that he inter-

viewed the defendant on July 17, 1989, after two investigators visited the defendant's home and requested that he appear at the jail for questioning. Upon his arrival at the jail, the defendant was directed to the office of Investigator Hattaway. The defendant did not appear to be under the influence of any intoxicating drugs or alcohol and did not appear to be in any pain upon his arrival to the jail. The defendant was not in police custody prior to the hour-long interview. Although the agent indicated that the defendant was given "his rights" before the interview and after the agent "felt like [the defendant] was involved in the robbery," the form signed by the defendant acknowledging his right to remain silent, and right to representation, shows that the warnings were made at 2:30 p.m.. However, the written statement was given by the defendant at 2:10 p.m., approximately 20 minutes before the defendant was apprised of his *Miranda* rights. In an effort to explain the discrepancy in the time of the warning and the statement, the agent averred that he initially thought that the defendant was a victim of the robbery. However, once the defendant explained his version of the facts, he concluded that the defendant, in fact, was a participant in the robbery scheme. The defendant only became a suspect during the course of the interview. He denied that the defendant asked for an attorney at any time during the hour-long interrogation.

The defendant testified that the investigators questioned him during the interrogation as if he were a suspect, although he was never informed that he was an actual suspect in the robbery. After the defendant was informed that his description of the suspects was different from the description that had been given earlier, the defendant asked if he could telephone his sister to retain an attorney. In response, Investigator Douglas asserted that he did not need an attorney because he was going to read him his rights. Thereafter, the defendant was informed of his right to remain silent and right to an attorney. On cross-examination, the defendant admitted that he had requested an interview with Investigator Hattaway because he wanted to turn himself in a few days earlier. Although he had been on medication, he admitted that he understood the *Miranda* warnings. He also admitted that he made the incriminating statement, but denied the veracity of the portion of the statement which indicated that he arranged the robbery of the victim. The defendant signed the statement because he was afraid. Based upon the pretrial testimony of the defendant and Agent Dudley, the trial court concluded that the defendant understood his rights and voluntarily waived them.

1. In his first two enumerations of error, the defendant contends that the trial court erred in admitting the confession as the confession was a product of police interrogation which occurred before he was informed of his *Miranda* rights and after he had requested an attor-

ney. We disagree.

In the instant case, "[t]he trial court, however, found the testimony of the police [witness] more creditable than [the defendant's], and, therefore, found the required warnings had been given, [the defendant] understood his rights, and voluntarily waived them without hope of reward or benefit. Although inconsistent with [the defendant's] testimony, the trial court's findings are based upon the testimony of the [actual] law enforcement [official] in the *Jackson-Denno* hearing, and there is evidence of record supporting each of the findings. On appeal, where the evidence is in conflict, the trial court's findings on factual determinations and credibility will be upheld unless clearly erroneous. [Cits.] Our review of the record shows that the trial court's determinations were not clearly erroneous. . . ." *Chastain v. State*, 196 Ga. App. 50, 51-52 (2) (395 SE2d 570) (1990). The trial judge, based upon his observation of the demeanor of the defendant and the investigating official, found that the testimony of Agent Dudley was more credible than the testimony of the defendant, concluding that the preponderance of the evidence showed that the defendant was advised of his *Miranda* rights, and voluntarily waived them thereafter. The court further determined that the defendant's incriminating statement was given without any hope of benefit or fear of injury. Accordingly, there was no error in the admission of the defendant's statement.

Additionally, during the defendant's testimony at trial, he admitted that the statement was made after he was given the *Miranda* warnings, but denied portions of the custodial statement. As a result, the confession was admissible as a prior inconsistent statement. In *Graham v. State*, 175 Ga. App. 411, 414 (5) (333 SE2d 664) (1985), we held that "a prior incriminatory statement is admissible for impeachment purposes even if *Miranda* warnings had not been given. [Cit.]" See also *Scott v. State*, 243 Ga. 233 (253 SE2d 698) (1979) (a written confession of a defendant is admissible for impeachment purposes, without regard to whether the statement was voluntary). Consequently, this enumeration is without merit.

2. In his second enumeration of error, the defendant contends that the trial court erred in denying his request for a new appointed attorney after he expressed his dissatisfaction with his trial attorney. We conclude that this enumeration is also without merit.

" 'A criminal defendant does have a constitutional right to be defended by counsel of his own selection whenever he is willing and able to employ such counsel. (Cits.) However, an indigent criminal defendant does not have an absolute right to discharge one court-appointed counsel and have another substituted in his place. A request of this sort addresses itself to the sound discretion of the trial court.' [Cits.]" *Newby v. State*, 161 Ga. App. 805, 807 (2) (288 SE2d 889) (1982). In

the case sub judice, although the defendant asserts that his trial counsel "railroad[ed]" him because he did not assist him in obtaining a conviction on a lesser included offense, the defendant admitted that he participated in the robbery of the victim. Inasmuch as the defendant was a party to the crime as defined in OCGA § 16-2-20, the evidence supported his conviction. Accordingly, we conclude that the trial court did not abuse its discretion in denying the defendant's request for new counsel.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 17, 1993.

*John J. Pilcher II*, for appellant.

*Richard A. Malone, District Attorney, Melvin E. Hyde, Jr., Anne L. Latta, Assistant District Attorneys*, for appellee.