A94A2034. CAMPBELL v. THE STATE.

(449 SE2d 366)

BIRDSONG, Presiding Judge.

Robert Lee Campbell appeals his judgment of conviction of burglary and his sentence. *Held*:

1. Appellant contends the evidence was insufficient to support his conviction of burglary, particularly as it was insufficient to exclude every reasonable hypothesis save that of his guilt. We disagree.

The vice-president of a trucking company and the operations officer of the Berth Company left the premises to obtain some building supplies. On their return they noticed a truck, which had not been parked in the area before they left, parked approximately 500 feet from the premises. At the premises they found the door of the office trailer wide open; the window rollers of the trailer had been broken and the door unlocked from the inside. A medium built, black male, about 5'10" in height who was wearing a light green hooded jacket was observed leaving the trailer. (The jury was able to compare the physical characteristics of appellant with the physical descriptions given by the witnesses.) The area was well-lighted at the time by a street light and their vehicle headlights. The police were called and, about 15 to 25 minutes later, appellant was apprehended a relatively short distance away. The vice-president and manager both made pretrial identifications of appellant, although they could not be positive as to their identifications until appellant put on the coat he was carrying when apprehended. The vice-president explained that appellant looked bigger once he put on the jacket. He also made an in-court identification of appellant; no timely objection was posed as to this identification. The vice-president testified during cross-examination that, while he could positively identify the coat, he could not identify appellant until the latter put on the coat. The operations manager observed appellant flee from the burglary scene. He too described appellant's green coat and testified that appellant was wearing blue

pants. The operations manager testified as to the circumstances surrounding his pretrial identification of appellant. When he was returned to the premises after being apprehended, appellant was wearing blue pants. When the operations manager saw appellant in police custody, he believed he was the perpetrator of the entry in the trailer, but the manager was not positive until appellant actually put on the coat. The manager believed the coat made appellant look heavier; when appellant was just in his shirt his face looked skinnier. The manager also made an in-court identification of appellant; no objection was posed to this identification. His pretrial identification was of appellant and not merely of appellant's coat; his in-court identification was made without hesitation or doubt.

"Flight is circumstantial evidence of consciousness of guilt" and the weight to be given such evidence is for the jury to decide; the fact that a suspect flees the crime scene points to the question of guilt in a circumstantial manner. *Green v. State*, 206 Ga. App. 42, 44 (3) (424 SE2d 646); *Horne v. State*, 204 Ga. App. 81 (2) (418 SE2d 441).

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). A determination whether other hypotheses have been excluded is primarily a jury function. *Murdix v. State*, 250 Ga. 272, 274 (1) (297 SE2d 265). We conclude that the jury rationally could find that the evidence excluded every reasonable hypothesis except that of the defendant's guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant asserts the trial court erred in allowing the State to introduce evidence that appellant was charged with another crime, thereby placing his character into issue. Specifically, appellant objected to testimony that the truck found near the crime scene had been stolen from Newnan, Georgia, and that a bus ticket from LaGrange to Newnan subsequently was found under the mattress in appellant's jail cell. The trial court concluded that this evidence had some relevance and admitted it. During cross-examination, appellant admitted that the bus ticket was his, claiming he had passed through Newnan by bus. The evidence in its totality linked appellant to the truck which had been recently parked near the crime scene. From this

evidence the jury could reasonably infer that appellant drove in a truck to the crime scene, and that he had access to a means of transporting items from the crime scene. Admissibility of evidence is a matter which rests largely within the discretion of the trial court; unless the potential for prejudice in the admission of evidence substantially outweighs its probative value, the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. *Norman v. State*, 197 Ga. App. 333, 336 (4) (398 SE2d 395). Evidence of doubtful relevancy or competency should be admitted and its weight left to the jury; where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it. Id. " 'If evidence is relevant and material to an issue in a case, it is not inadmissible because it incidentally puts the defendant's character in issue.' " Id. Appellant has failed to establish that the trial court abused its discretion in admitting this evidence. Further, by giving the jury the limiting instruction requested by appellant and to which appellant thereafter took no exception nor requested additional instructions, the trial court limited the potential for prejudice of the evidence so that it did not substantially outweigh the probative value thereof.

3. Appellant contends the trial court erred in admitting prejudicial and improper evidence over appellant's objection; thus, appellant asserts the trial court erred in admitting evidence that the truck was stolen. This evidence was relevant. See Division 2 above. "It is a cardinal rule of evidence that if evidence is duly admissible under any legitimate theory, it should be admitted even though it does not qualify for admission under one or more other evidentiary theories. That is, generally evidence should be admitted if it is admissible for any legitimate purpose." *Boatright v. State*, 192 Ga. App. 112, 116 (6) (385 SE2d 298). Admissibility of evidence rests in the sound discretion of the trial court (*Santone v. State*, 187 Ga. App. 789, 792 (371 SE2d 428)); appellant has not established that the trial court abused its discretion in admitting the evidence over objection.

4. Appellant asserts his conviction should be reversed because of admission of prosecution witness testimony that previously had been excluded. Specifically, appellant contends the trial court erred in admitting his statement, made in custody and apparently without benefit of a *Miranda* warning, to the effect that he had driven the truck from Newnan.

The trial court initially sustained appellant's objection to the incriminating statement and the State did not offer this evidence in its case in chief. Appellant subsequently testified in his own behalf on direct examination that he did not burglarize the trucking company, the charges against him regarding the truck had been dismissed, and he had gotten out of a friend's car because the driver had been drink-

ing too much and he was walking en route to an acquaintance's house to obtain a ride when he was apprehended by the police. On cross-examination, appellant was non-responsive to a question whether the truck at the crime scene was the same truck involved in those charges, claiming he had never seen the truck before. Appellant also testified on cross-examination that if Officer Freeman claimed appellant had admitted he had "come in that truck," Freeman would be lying. Officer Freeman was called by the State as a rebuttal witness and testified that appellant, when asked if he had come to this area in the truck parked near the crime scene, responded "yeah." As a general rule, subject to proper foundation, a witness may be impeached by prior contradictory statements made by him as to matters relevant to his testimony in a case or by disproving the facts testified to by him. OCGA §§ 24-9-82; 24-9-83. Assuming without deciding that the incriminatory statement was obtained from appellant in violation of his *Miranda* rights, nevertheless " 'a prior incriminatory statement is admissible for impeachment purposes even if *Miranda* warnings had not been given.' " *Mack v. State*, 209 Ga. App. 104, 106 (1) (432 SE2d 680); compare *State v. Byrd*, 255 Ga. 665 (341 SE2d 455) with *Cribbs v. State*, 204 Ga. App. 109 (418 SE2d 405). We will not reverse the correct ruling of a trial court regardless of the reason given therefor. *Krebsbach v. State*, 209 Ga. App. 474 (1) (433 SE2d 649); *Ely v. State*, 192 Ga. App. 203 (4) (384 SE2d 268).

Appellant's various contentions in support of his four enumerations of error are without merit.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED OCTOBER 20, 1994.

*Robert H. Alexander III*, for appellant.

*Thomas J. Charron, District Attorney, Irvan A. Pearlberg, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.

