## A95A0205. LAMAR v. THE STATE.
(455 SE2d 316)

BIRDSONG, Presiding Judge.

Tommy D. Lamar a/k/a Tommy Lamar appeals his judgment of conviction of possession of cocaine with intent to distribute. His sole enumeration of error is insufficiency of the evidence to support the verdict. *Held*:

1. Appellant has abandoned any claims of error based either on allowing the evidence custodian to testify when his name was not on

the witness list furnished appellant, or based on the appearance of a set of initials of an unknown person on a certain brown paper bag. Court of Appeals Rule 27 (c) (2).

2. In execution of a "no-knock" search warrant, a drug unit team approached the premises to be searched at approximately 11:30 p.m.; the premises was that of Joe Johnson, which had a reputation among both the drug community and law enforcement drug investigation community as a drug house where drugs are sold and consumed. An unnamed male came out of the premises, spotted the drug unit, cried "police," and started running to a car. Except for uniformed officers, the members of the drug unit were wearing black raid jackets with the word "police" printed on the back. As members of the drug unit entered the front door, a police investigator yelled, "police." Upon entering the premises, four males were observed: Joe Johnson was at the door, another was sitting on a couch, and appellant and another male were standing up in the front room. Appellant immediately ran to the bathroom, closed the door, and locked it. Police officers followed appellant in hot pursuit. The toilet was heard to flush and the police kicked in the bathroom door when appellant would not open it. Appellant was found in a kneeling position on the floor "over the toilet bowl." The water was still running in the bowl. When the police tried to pick appellant up, he grabbed the toilet bowl. The police pried appellant loose from the toilet bowl. No drugs were discovered in the flushed toilet. Appellant was searched and no drugs were found but appellant had $258.25 in cash on his person.

Joe Johnson, who was at the door, was secured by force; a clear plastic wrapping containing a large quantity of crack cocaine was found in plain view behind the door; another bag of crack cocaine subsequently fell out of his pants. Several rocks of cocaine were in plain view on the coffee table in front of the male sitting on the couch. The cocaine on the coffee table was approximately three to four feet from where appellant had been standing before he fled into the bathroom.

Appellant fled the crime scene and locked himself in the bathroom and proceeded to kneel over and flush the toilet. " 'Flight is circumstantial evidence of consciousness of guilt' and the weight to be given such evidence is for the jury to decide; the fact that a suspect flees the crime scene points to the question of guilt in a circumstantial manner." *Campbell v. State*, 215 Ga. App. 14, 15 (1) (449 SE2d 366); *Green v. State*, 206 Ga. App. 42, 44 (3) (424 SE2d 646).

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d

737). To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Viewing the evidence of this case in its totality, we conclude that the jury rationally could find it excluded every reasonable hypothesis except that of the defendant's guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 7, 1995.

*John L. Tracy,* for appellant.
*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney,* for appellee.